## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## (NORTHERN DIVISION)

MAKIA SMITH                                        *
5604 McClean Boulevard, Apt. D
Baltimore, Maryland 21214                          *

       **Plaintiff**                             *

v.                                                 *          CASE NO.:   1:13-cv-1352

BALTIMORE CITY POLICE DEPARTMENT                   *
601 E. Fayette Street
Baltimore, Maryland 21201-2928                     *

    **Serve On:**                               *

    **Commissioner Anthony W. Batts**           *
    601 E. Fayette Street
    Baltimore, Maryland 21201-2928             *

and                                                *

ANTHONY W. BATTS                                   *
In his official capacity as Commissioner
of The Baltimore City Police Department            *
601 E. Fayette Street
Baltimore, Maryland 21201-2928                     *

and                                                *

OFFICER NATHAN CHURCH                              *
In both his official and individual capacity
as an officer of the                               *
Baltimore City Police Department
1900 Argonne Drive                                 *
Baltimore, Maryland 21218
                                                   *
and                                                *

                                                   *
OFFICER WILLIAM PILKERTON, JR.
In both his official and individual capacity*
as an officer of the

Baltimore City Police Department                    *
1900 Argonne Drive
Baltimore, Maryland 21218                           *

and                                                 *

OFFICER NATHAN ULMER                                *
In both his official and individual capacity
as an officer of the                                *
Baltimore City Police Department
1900 Argonne Drive                                  *
Baltimore, Maryland 21218
                                                    *
and
                                                    *
OFFICER KENNETH CAMPBELL
In both his official and individual capacity*
as an officer of the
Baltimore City Police Department                    *
1900 Argonne Drive
Baltimore, Maryland 21218                           *

              Defendants                            *

*    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Makia Smith, sues Defendants Baltimore City Police Department ("BCPD"), Commissioner Anthony W. Batts ("Commissioner"), in his official capacity as Commissioner of the Baltimore City Police Department, and Officers Nathan Church ("Church"), William Pilkerton, Jr. ("Pilkerton"), Nathan Ulmer ("Ulmer") and Kenneth Campbell ("Campbell") (each individually an "Officer" and collectively the "Officers"), in the Officers' official and individual capacities.

# I.
# NATURE OF THE ACTION

1.      This is an action for violation by members of the BCPD of the rights guaranteed a citizen of the United States and the state of Maryland under the Constitution of the United States and the Maryland Declaration of Rights including claims brought under 42 U.S.C. § 1983 for violation of Plaintiff's free-speech rights under the First and Fourteenth Amendments, and Article 40 of the Maryland Declaration of Rights; right to be free from unreasonable searches and seizures under the Fourth and Fourteenth Amendments and Article 26; right to be free from deprivation of property without due process under the Fourteenth Amendment and Article 24; for false imprisonment; conversion; battery; and intentional infliction of emotional distress. More particularly, Plaintiff attempted to film with her telephone-camera, from her car on a public street, police officers beating a minor near the side of a public thoroughfare in Baltimore City when traffic was stopped.   Plaintiff was confronted by the Officers, her telephone-camera was seized and destroyed by the Officers, and she was then assaulted and arrested by the Officers, all in the presence of her two year old daughter who was in the back seat of Plaintiff's car.   Officer Church, the first of the Officers to approach Plaintiff did so on the run yelling, "You want to film something bitch? Film this!"   All of the numerous charges brought against Plaintiff that resulted from her arrest were *nolle prosequi*, including those brought for second degree assault, willfully disobeying a lawful order, obstruction of free passage on a roadway, interference in an arrest, and failure to display her license.

**II.**
**THE PARTIES**

2.      Plaintiff, Makia Smith, is a citizen of Maryland with a residence at 5604 McClean Boulevard, Apt. D, Baltimore, Maryland 21214.   She is a person within the meaning of the Maryland Declaration of Rights and the Constitution of the United States and has been injured by the Defendants.

3.      That at all times relevant to this Complaint, Officer Church was a duly authorized agent, servant and employee of BCPD, working from the Northeast District. Officer Church is sued in his official and individual capacity.

4.      That at all times relevant to this Complaint, Officer Pilkerton was a duly authorized agent, servant and employee of BCPD, working from the Northeast District. Officer Pilkerton is sued in his official and individual capacity.

5.      That at all times relevant to this Complaint, Officer Ulmer was a duly authorized agent, servant and employee of BCPD, working from the Northeast District. Officer Ulmer is sued in his official and individual capacity.

6.      That at all times relevant to this Complaint, Officer Campbell was a duly authorized agent, servant and employee of BCPD, working from the Northeast District. Officer Campbell is sued in his official and individual capacity.

7.      The Officers are persons as defined by 42 U.S.C. § 1983, and at all times relevant were acting under color of state law.

8.      BCPD is a government agency.  The Baltimore City Council holds hearings on police department policy and establishes BCPD's budget.   BCPD is a "person" as defined in 42 U.S.C. § 1983.

9.     Anthony W. Batts is the Commissioner of BCPD, and its chief law enforcement officer.  He is appointed by the Mayor of Baltimore under the advice and consent of the Baltimore City Council.   The Commissioner, in his capacity as such, exercises final policy making authority for BCPD, establishes the duties, standards of conduct, and discipline of officers.  He establishes policies regarding hiring, screening, training, monitoring, supervision and discipline of officers employed by BCPD.  He is a person pursuant to 42 U.S.C. § 1983, and has acted at all times relevant under color of state law, and is joined in this Complaint in his official capacity.   Much has been reported in local newspapers about the activities of members of BCPD resulting in settlements and awards, and the Commissioner is either aware, or should be aware of these matters.

### III.
### JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1343(a)(3), providing for original jurisdiction in suits authorized by 42 U.S.C. § 1983.  Jurisdiction is also available under 28 U.S.C. § 1331 because this action arises under 42 U.S.C. § 1983 and the First, Fourth and Fourteenth Amendments to the Constitution of the United States.   This Court has supplemental jurisdiction over the common law and state constitutional claims under 28 U.S.C. § 1367(a).

11.     This Court has personal jurisdiction over BCPD as it is an entity located and engaged in activities in Maryland.

12.     This Court has personal jurisdiction over the Commissioner and the Officers because all acts and omissions complained of occurred in Baltimore, Maryland; and because the Commissioner and the Officers were employed in Maryland.

13.     Venue is proper in this Court because the causes of action arise out of actions that occurred in Baltimore, Maryland.

## IV.
## PRE-SUIT REQUIREMENTS

14.     Plaintiff has satisfied the prerequisites to suit specified by the Maryland Tort Claims Act, Md. Code Ann., State Gov't (SG) § 12-106, and the Local Government Tort Claims Act, Md. Code Ann., Cts. & Jud. Proc. (CJ) § 5-304, for each claim in this complaint to which these laws apply.

15.     Plaintiff sent notice of her claims to the Baltimore City Solicitor and the Maryland State Treasurer by certified mail, return receipt requested, on March 18, 2012.

    a. The Baltimore City Solicitor did not respond within six months of receiving Plaintiff's claim and has not responded to date.

    b. The Maryland State Treasurer rejected Plaintiff's claim by letter dated April 24, 2012.

## V.
## FACTS COMMON TO ALL COUNTS

16.     This case involves events that transpired on March 8, 2012, when Plaintiff was beaten and arrested by the Officers while she was photographing police officers from her car as they beat a person near Harford Road.

17.     All of the complained-of acts of the Officers were illegal, and violated Plaintiff's constitutional rights.

18.     On March 8, 2012, Plaintiff was on her way home, driving her car on Harford Road at approximately 4:00 p.m. with her two year old daughter in the back seat.

19.     Traffic became heavy and then stopped near the 2800 block of Harford Road; Plaintiff came to a complete stop in her vehicle.

20.     While stopped in traffic, Plaintiff observed multiple police officers engaged in what appeared to be the beating of a young male, and his arrest, near the side of the roadway.  Traffic was stopped and Plaintiff took out her telephone-camera, opened her car door, and stood on the door sill of her car and began to photograph the beating and arrest of the juvenile on her telephone-camera.  While she photographed the police officers beating the youngster, she remained on her door sill in the public roadway, and in no way interfered with the activities of the police or the flow or movements of traffic.

21.     Officer Church saw Plaintiff filming the beating and ran at her.  He scared her and she sat back in her vehicle.  As he ran at her, he yelled, "You want to film something bitch? Film this!"

22.     Officer Church reached into Plaintiff's car and grabbed her telephone-camera out of her hand, threw it to the ground and destroyed it by smashing it with his foot.

23.     Officer Church pulled Plaintiff out of her car by her hair and beat her. Officers Pilkerton, Ulmer, and Campbell then ran to Plaintiff's car and joined Officer

Church in beating Plaintiff and arrested her using excessive force. At all times described herein, Plaintiff's two year old daughter witnessed her mother's beating and arrest by the Officers as did others.

24.     Physical abuse and arrest of Plaintiff being insufficient punishment for filming the Officers, they taunted Plaintiff with the threat that her two year old child would be transported to Social Services following her arrest. The Officers would not call Plaintiff's mother, despite Plaintiff's pleas that they do so, so Plaintiff's mother could take custody of her granddaughter.

25.     Plaintiff sought the help of a witness to assist in allowing her daughter to stay at the scene until the Plaintiff's mother could be notified and retrieve Plaintiff's child. The Officers, despite the pleas of Plaintiff, refused to call Plaintiff's mother. Instead, the Officers tormented Plaintiff by telling her that her daughter would be taken from her and sent to Social Services. Seeing Plaintiff's distressful reaction to these tormenting threats, they continued.

26.     Plaintiff had not acted in any manner that justified her beating or arrest; she was merely exercising her constitutionally protected right of filming public officials engaged in their jobs from and on a public location. She was not interfering with the functions of the Officers.

27.     Plaintiff was transported to Central Booking and Intake Facility, was charged with assaulting Officer Church in the second degree; resisting/interfering with arrest; failing to display a license on demand; willfully disobeying a lawful order of the

police; and causing a vehicle to obstruct a free vehicle passage of a roadway. She was incarcerated.

28.     Plaintiff was forced to hire an attorney to defend her against these illegal criminal and traffic charges and incurred expenses in doing so, including the time and expense of recovering Plaintiff's vehicle, which had been towed.

29.     Twice Officer Church failed to appear for Plaintiff's trial. On January 3, 2013, a disposition of *nolle prosequi* was entered for all of the criminal and traffic charges filed by Officer Church against Plaintiff.

30.     Plaintiff was arrested without legal justification or probable cause. Her personal property was intentionally destroyed in order to delete evidence of the beating of the suspect by the police. She was subjected to an unnecessary and unconstitutional use of force.  And, she was tormented and unjustly arrested by the Officers, because she filmed police officers beating a suspect.

31.     As a result of the unconstitutional use of force by the Officers, Plaintiff received multiple injuries about her face, neck and body that required her to seek medical treatment at Good Samaritan Hospital.

32.     BCPD and the Commissioner exert substantial control over the policies and practices that govern the actions of individual officers in BCPD, including the Officers and their supervisors.

33.     In exercising such control, BCPD and the Commissioner have gathered knowledge of, or created by implication or express instruction, a policy, practice, or custom within BCPD to violate the constitutional rights of citizens by allowing the

seizure of devices used for the recording of officers in public places and by giving permission to delete data or destroy the devices, as well as the engagement of members of BCPD in acts of unjustified violence and false imprisonment against the citizens of Baltimore in violation of their constitutional rights.

34.    There have been numerous examples in recent years of the BCPD intimidating citizens and/or confiscating cameras or other recording devices belonging to citizens who recorded law enforcement officials performing their official duties in public.

## COUNT I
## SECTION 1983 CLAIM FOR VIOLATION OF PLAINTIFF'S FREE SPEECH RIGHTS, GUARANTEED BY THE FIRST AND FOURTEENTH AMENDMENTS
### (All Defendants)

35.    Plaintiff repeats and realleges each of the allegations made in paragraphs 1 to 34 as if fully set forth herein.

36.    Observing and recording public police activities, by citizens without interfering with those duties, is a legitimate means of gathering information of public concern for public dissemination and is therefore speech protected by the First Amendment to the United States Constitution.

37.    By beating and arresting Plaintiff and destroying her telephone-camera while Plaintiff photographed police officers beating a suspect in a public place, and from a public place, the Officers retaliated against Plaintiff for exercising speech protected by the First Amendment, and they destroyed the evidence of the police activity.

38.     The Officers acted under the BCPD's policy, practice or custom when they seized Plaintiff's telephone-camera, destroyed the device and data contained therein, used excessive force and arrested Plaintiff without legal provocation or cause.

39.     BCPD and the Commissioner caused or condoned these constitutional violations by implementing, following, or failing to remedy a policy, practice, or custom that encouraged the restriction of individual's rights protected by the First Amendment. Moreover, in the absence of judicial intervention here, the Defendants will continue to cause similar constitutional violations by implementing, following, or failing to remedy the illegal pattern or practice in the future.

40.     Even if they were not acting in accordance with an official policy or practice of BCPD, the Officers violated Plaintiff's rights guaranteed by the First Amendment when they detained her, seized her telephone-camera, destroyed it, assaulted and arrested her.

41.     As a result of Defendants' retaliation against Plaintiff's exercise of her constitutionally protected speech, Plaintiff suffered damages including emotional trauma, humiliation, distress, damage to personal property, assault and restraint of her liberty by arrest.

42.     While Plaintiff has a constitutionally protected right to film members of BCPD engaged in the performance of official duties in public places, without interference, she will not do so for fear of retaliation.

43.     Plaintiff's speech protected by the First Amendment, and applicable to the states through the Fourteenth Amendment, has therefore been chilled by Defendants'

explicit or implicit policy of barring recordings by citizens of police officers performing official duties in public.

**COUNT II**
**VIOLATION OF PLAINTIFF'S FREE SPEECH RIGHTS**
**GUARANTEED BY ARTICLE 40**
**(Against The Officers)**

44.     Plaintiff repeats and realleges each of the allegations made in paragraphs 1 to 34 as if fully set forth herein.

45.     Plaintiff asserts this claim against The Officers.

46.     The freedoms protected by Article 40 of the Maryland Declaration of Rights includes the freedoms guaranteed by the First Amendment to the United States Constitution.

47.     By detaining, arresting and beating Plaintiff, and by seizing her telephone-camera and destroying it, the Officers retaliated against Plaintiff for her speech protected by Article 40, and prevented her from exercising said rights.

48.     BCPD and the Commissioner enacted or perpetuated a policy, practice, or custom that encouraged such unconstitutional retaliation.  BCPD and the Commissioner have done so through explicit or implicit instruction to the officers within BCPD, or have acquired knowledge of such a policy, practice, or custom and have not prevented its exercise.

49.     As a result of the Officers' retaliation against Plaintiff's constitutionally protected speech, Plaintiff suffered damages including emotional trauma, humiliation, distress and damage to person and personal property and loss of liberty.

50.     Plaintiff's speech protected by Article 40 has been chilled by the Defendants' policy of destroying recording devices, beating, and falsely imprisoning those who take photographs of members of the BCPD performing official duties in public places.

## COUNT III
## SECTION 1983 CLAIM FOR VIOLATION OF PLAINTIFF'S FREEDOM FROM UNREASONABLE SEARCHES AND SEIZURES GUARANTEED BY THE FOURTH AND FOURTEENTH AMENDMENTS
### (All Defendants)

51.     Plaintiff repeats and realleges each of the allegations made in paragraphs 1 to 34 as if fully set forth herein.

52.     The Fourth Amendment to the United States Constitution is intended to protect Plaintiff against unreasonable searches and seizures by the federal government and, through incorporation by way of the Fourteenth Amendment, the states.

53.     The Officers unlawfully detained, assaulted and arrested Plaintiff and seized and destroyed her telephone-camera and the data contained therein.

54.     The Officers had no warrant or recognized justification for their warrantless search and seizure of Plaintiff's telephone-camera and the destruction of it and data stored on the device, and their actions violated Plaintiff's rights guaranteed by the Fourth and Fourteenth Amendments to be free from unreasonable searches and seizures.

55.     BCPD and the Commissioner caused these constitutional violations by enacting or perpetuating a policy, practice, or custom that encouraged or allowed

officers to improperly seize and destroy personal property without a warrant in violation of the rights of citizens.

56.    As a result of the Defendants' violation of Plaintiff's right to be free from unreasonable searches and seizures, Plaintiff suffered damages including emotional trauma, humiliation, distress, damage to personal property and assault and arrest.

**COUNT IV**
**SECTION 1983 CLAIM FOR VIOLATION OF PLAINTIFF'S RIGHTS GUARANTEED BY THE FOURTEENTH AMENDMENT TO BE FREE FROM DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS**
**(Against All Defendants)**

57.    Plaintiff repeats and realleges each of the allegations made in paragraphs 1 to 34 as if fully set forth herein.

58.    The Fourteenth Amendment of the United States Constitution protects Plaintiff against deprivation of her property by state or local governments without notice and an opportunity to be heard.

59.    The Officers permanently deprived Plaintiff of her personal property when they seized and purposefully destroyed her telephone-camera and all of the data therein contained.

60.    Plaintiff was afforded no opportunity to challenge the seizure and destruction of her telephone-camera and the data therein contained before the Officers took action.

61.    All Defendants violated Plaintiff's right to pre-deprivation process guaranteed by the Fourteenth Amendment of the United States Constitution.

62.    As a result of Defendants' aforesaid actions, Plaintiff suffered damages, including emotional trauma, humiliation, distress and damage to personal property.

## COUNT V
## VIOLATION OF PLAINTIFF'S FREEDOM FROM UNREASONABLE SEARCHES AND SEIZURES GUARANTEED BY ARTICLE 26
### (Against The Officers)

63.    Plaintiff repeats and realleges each of the allegations made in paragraphs 1 to 34 as if fully set forth herein.

64.    Article 26 of the Maryland Declaration of Rights protects the same freedoms guaranteed by the Fourth Amendment to the United State Constitution.

65.    The Officers had no warrant or recognized justification for their warrantless search, seizure and destruction of Plaintiff's telephone-camera and the data stored therein, their actions violated Plaintiff's rights guaranteed by Article 26 to be free from unreasonable searches and seizures.

66.    As a result of the Defendants' actions, Plaintiff suffered damages including emotional trauma, humiliation, distress and damage to personal property.

## COUNT VI
## VIOLATION OF PLAINTIFF'S RIGHT GUARANTEED BY ARTICLE 24 TO BE FREE FROM DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS
### (Against The Officers)

67.    Plaintiff repeats and realleges each of the allegations made in paragraphs 1 to 34 as if fully set forth herein.

68.    Article 24 of the Maryland Declaration of Rights protects the same freedoms guaranteed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

69.    Article 24 protects Plaintiff against deprivation of her property without notice and an opportunity to be heard.

70.    The Officers permanently deprived Plaintiff of her personal property when they destroyed her telephone-camera and the data contained therein.

71.    The Officers had no warrant or recognized justification for their warrantless search, seizure and destruction of Plaintiff's telephone-camera and the data stored therein, their actions violated Plaintiff's rights guaranteed by Article 24 to be free from deprivation of property without due process.

72.    Plaintiff was afforded no opportunity to contest these actions before they occurred.

73.    The Officers thus violated Plaintiff's right to pre-deprivation process guaranteed by Article 24 of the Maryland Declaration of Rights.

74.    As a result of the aforesaid violations, Plaintiff suffered damages including emotional trauma, humiliation, distress and damage to personal property.

## COUNT VII
## CONVERSION
### (Against The Officers)

75.    Plaintiff repeats and realleges each of the allegations made in paragraphs 1 to 34 as if fully set forth herein.

76.    The Officers seized and destroyed Plaintiff's personal property, her telephone-camera, and the data contained therein.

77.    Plaintiff did not consent to this seizure and destruction of her personal property.

78.     The Officers were not authorized by law to seize and destroy Plaintiff's telephone-camera and the data therein contained; they did so simply to destroy evidence of police actions in connection with the beating of the suspect that Plaintiff filmed, and to discourage other citizens from lawfully filming members of BCPD engaged in their duties in public places.

79.     The Officers acted with intent to injure Plaintiff, with ill will or spite towards her, with evil or fraudulent motive, or with knowledge that they were violating her property rights.

80.     As a result of the Officers' tortious acts, Plaintiff suffered damages including emotional trauma, humiliation, distress and destruction of personal property.

## COUNT VIII
## BATTERY
### (Against The Officers)

81.     Plaintiff repeats and realleges each of the allegations made in paragraphs 1 to 34 as if fully set forth herein.

82.     The Officers physically assaulted Plaintiff during the course of the incident described herein; they grabbed her hair, wrenched her violently from her car and beat her.

83.     The Officers engaged in intentional acts of unlawful contact with Plaintiff such that she sustained serious and permanent injuries.  Moreover, the Officers utilized unreasonable, unlawful and excessive force during the course of the incident described herein.

84.     Plaintiff did not consent to the described contact by the Officers, nor did Plaintiff in any way provoke, contribute to, or in any way present any cause for the Officers to act as they did, including the physical conduct they visited upon her.

85.     The conduct of the Officers was without legal justification and was improperly motivated by ill will and actual malice, the desire to destroy Plaintiff's telephone-camera, and the data contained therein related to the photographs she took of police officers beating a suspect, and to send a message to the citizens of the community that BCPD will not tolerate the filming of a member of the BCPD by a citizen.

86.     As a result of the battery perpetrated by the Officers, Plaintiff sustained significant physical, emotional and mental injuries. Plaintiff received multiple injuries about her face, neck and body that required her to seek medical treatment at Good Samaritan Hospital.

87.     As a direct and proximate consequence of the Officers' actions, Plaintiff was deprived of her liberty, caused to suffer permanent physical, emotional and mental injuries, caused to lose time from her employment, and has suffered, and will continue to suffer, economic loss due to sums of money spent to alleviate the injuries and damages that were inflicted by the Officers.

**COUNT IX**
**FALSE ARREST**
**(Against The Officers)**

88.     Plaintiff repeats and realleges each of the allegations made in paragraphs 1 to 34 as if fully set forth herein.

89.    The Officers had no legal or rational reason to believe Plaintiff had engaged in any crime and were without probable cause to detain her.  Plaintiff was, nevertheless, detained, arrested by the Officers, confined to a police car, transported to Central Booking, charged and incarcerated.

90.    The charges were advanced by Officer Church, illegally and with improper motive to punish Plaintiff for filming police activities, as aforesaid, given the fact that Plaintiff had not acted in the manner stated by Defendant Church.

91.    Despite his actions, and the charges against Plaintiff that Officer Church affirmed under the penalties of perjury, he twice failed to appear as a witness at her trial, likely because he did not want to further perjure himself, this time in the presence of a judge. All charges against Plaintiff have been dismissed.

92.    The arrest perpetrated by the Officers was without warrant, without legal or logical justification, and without probable cause necessary to support a lawful arrest.

93.    The Officers' conduct demonstrates their ill will, improper motive, and actual malice, all as aforesaid.

94.    As a direct and proximate consequence of the Officers' actions, Plaintiff was deprived of her liberty, caused to suffer permanent physical, emotional and mental injuries, caused to lose time from her employment, and has suffered, and will continue to suffer, economic loss due to sums of money spent to alleviate the injuries and damages that were inflicted by the Officers. Plaintiff received multiple injuries about her face, neck and body that required her to seek medical treatment at Good Samaritan Hospital.

## COUNT X
## FALSE IMPRISONMENT
### (Against The Officers)

95.     Plaintiff repeats and realleges each of the allegations made in paragraphs 1 to 34 as if fully set forth herein.

96.     The Officers falsely imprisoned Plaintiff throughout the course of the events described herein.  These instances of false imprisonment include, but are not limited to, the occasion where the Plaintiff was first confronted by the Officers; confined in her vehicle during the course of an illegal confrontation; pulled from her vehicle by the Officers; assaulted within her vehicle by the Officers; assaulted outside of her vehicle by the Officers; placed in the back of a police vehicle by the Officers; transported to Central Booking & Intake Facility without cause; charged with crimes; and detained against her will.

97.     The actions of the Officers caused Plaintiff to be unlawfully deprived of her liberty, unable to escape an unlawful and unconstitutional attack, and incapable of seeking necessary medical attention.  This action also deprived her of the company of her two year old daughter and caused her to suffer mental anguish not knowing that her daughter would be cared for and not allowed to call her mother to take custody of her child.

98.     As a result of the unlawful conduct described herein, Plaintiff was detained against her will and sustained the significant injuries and damages described in this Complaint.

99.    The Officers' actions demonstrate ill will, improper motivation, evil purpose and/or actual malice for the reasons heretofore stated.

## COUNT XI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against The Officers)

100.    Plaintiff repeats and realleges each of the allegations made in paragraphs 1 to 34 as if fully set forth herein.

101.    Officer Church ran at the Plaintiff in a threatening manner while verbally assaulting her, causing Plaintiff to be in fear of injury. Defendant's conduct was extreme and outrageous, and caused the Plaintiff emotional distress of a severe nature.

102.    The Officers pulled Plaintiff from her vehicle, threw her to the ground, and beat her in front of several community members and her two year old child.  Officer Church and the other Officers taunted Plaintiff regarding custody of her two year old child and told Plaintiff her two year old child would be transported to social services. This conduct was particularly shocking to the Plaintiff who had not engaged in criminal conduct, and terrorized Plaintiff who thought she would lose her child.

103.    The Officers' conduct was intentional and reckless, and done in retribution for Plaintiff's photographing fellow BCPD officer conduct from and to a public place.  It was intended by them to punish Plaintiff for her actions.

104.    The foregoing conduct of the Officers, who acted together, was extreme, outrageous and beyond the bounds of decency in society.

105.    As a result of the aforesaid conduct and actions, Plaintiff has suffered and will continue to suffer severe and extreme emotional distress, including fear for her

daughter's safety, which distress has manifested itself, for example, by way of headaches, lack of sleep, fatigue, listlessness and nightmares.

WHEREFORE, Plaintiff respectfully requests that this Court grant to her the following relief:

A.     Declaratory judgment that:

1.     Plaintiff's photographing of the Officers was an act of speech protected by the First Amendment to the United States Constitution and Article 40 of the Maryland Declaration of Rights because they were made of on-duty BCPD police officers' acts that occurred in public, concerned official police activities and did not interfere with official duties;

2.     The Officers retaliated against Plaintiff's speech by detaining her, assaulting her, destroying her telephone-camera and the data therein, and infringed upon her right to free speech guaranteed by the First Amendment and Article 40 of the Maryland Declaration of Rights, and her right to be free from unreasonable searches and seizures guaranteed by the Fourth Amendment and Article 26;

B.     A permanent injunction that bars the Officers and other officers of the BCPD from retaliating against or otherwise punishing people who take photographs or make other recordings of BCPD police officers performing official duties in public; and

C.     With regard to the emotional trauma, humiliation, distress, bodily injury and damage to personal property that Plaintiff suffered from the acts of the Defendants, Plaintiff claims damages as follows:

1.     As to the acts carried out under the auspices of a policy or practice of BCPD and the Commissioner resulting in violations of Plaintiff's federal constitutional rights, Plaintiff seeks compensatory damages against BCPD, the Commissioner and the Officers in their official capacities, jointly and several, in an amount to be determined at trial, but not less than Five Hundred Thousand Dollars ($500,000).

2.     As to the acts resulting in violations of Plaintiff's federal constitutional rights, Plaintiff seeks compensatory and punitive damages against the Officers in their individual capacities, jointly and several, in an amount to be determined at trial, but not less than Five Hundred Thousand Dollars ($500,000).

3.     As to the acts resulting in violations of Plaintiff's state constitutional and common law rights, Plaintiff seeks compensatory and punitive damages from the Officers, jointly and severally, in an amount to be determined at trial, but not less than Five Hundred Thousand Dollars ($500,000).

D.     In accordance with 42 U.S.C. § 1988, an award for costs, expenses, and attorneys' fees; and

E.     Any other relief as this Court may deem just and deserving.

Respectfully submitted,

___May 8, 2013___                              _/s/ James B. Astrachan_____
Date                                           James B. Astrachan, Bar No. 03566

                                               _/s/ Christopher J. Lyon_____
                                               Christopher J. Lyon, Bar No. 27443
                                               ASTRACHAN GUNST THOMAS, P.C.
                                               217 East Redwood Street, Suite 2100
                                               Baltimore, Maryland 21202
                                               Telephone:  410.783.3550
                                               Facsimile:  410.783.3530
                                               jastrachan@agtlawyers.com
                                               clyon@agtlawyers.com

                                               _/s/ Lawrence S. Greenberg_____
                                               Lawrence S. Greenberg, Bar No. 23642
                                               GREENBERG LAW OFFICE
                                               6 E. Biddle Street
                                               Baltimore, Maryland 21202
                                               Telephone: 410.539.5250
                                               Facsimile: 410.625.7891
                                               larry@greenberglawyers.com

                                               *Attorneys for Plaintiff*


## JURY DEMAND

Plaintiff respectfully requests a jury trial.

                                               _/s/ James B. Astrachan_____
                                               James B. Astrachan