IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | |
|---|---|
| MAKIA SMITH, | |
| Plaintiff, | |
| v. | Civil Action No:      1:13-CV-1352 |
| BALTIMORE CITY POLICE DEPARTMENT, *et al.*, | |
| Defendants. | |

## ANSWER OF DEFENDANT KENNETH CAMPBELL

Defendant Officer Kenneth Campbell ("Defendant" or "Officer Campbell"), by and through his undersigned counsel, hereby answers Plaintiff's Complaint as follows:

### I.      NATURE OF THE ACTION

1.      To the extent Paragraph 1 of the Complaint contains assertions of law, no response is required.  To the extent Paragraph 1 of the Complaint contains factual allegations, Defendant denies same.

### II.      THE PARTIES

2.      To the extent Paragraph 2 of the Complaint contains conclusions of law, no response is required.  Defendant is without knowledge and information sufficient to enable him to form a belief as to the truth of any factual allegations contained in this paragraph of the Complaint and he therefore denies same and demands strict proof of the allegations.

3.      Paragraph 3 of the Complaint contains conclusions of law, to which no response is required.

4.      Paragraph 4 of the Complaint contains conclusions of law, to which no response

is required.

5.      Paragraph 5 of the Complaint contains conclusions of law, to which no response is required.

6.      Paragraph 6 of the Complaint contains conclusions of law, to which no response is required.

7.      Paragraph 7 of the Complaint contains conclusions of law, to which no response is required.

8.      Paragraph 8 of the Complaint contains conclusions of law, to which no response is required.  To the extent Paragraph 8 contains any factual allegations, Defendant is without knowledge and information sufficient to enable him to form a belief as to the truth of any factual allegations contained in this paragraph of the Complaint and he therefore denies same and demands strict proof of the allegations.

9.      Defendant admits that Anthony W. Batts is the current Commissioner of the BCPD.  The remainder of Paragraph 9 of the Complaint contains conclusions of law, to which no response is required.  To the extent Paragraph 9 contains any other factual allegations, Defendant is without knowledge and information sufficient to enable him to form a belief as to the truth of any such factual allegations and he therefore denies same and demands strict proof of the allegations.

## III.    JURISDICTION AND VENUE

10.      Paragraph 10 of the Complaint contains conclusions of law, to which no response is required.

11.      Paragraph 11 of the Complaint contains conclusions of law, to which no response is required.

12.     Paragraph 12 of the Complaint contains conclusions of law, to which no response is required.  To the extent Paragraph 12 of the Complaint contains any factual allegations, Defendant admits that the Complaint alleges acts that purportedly took place in Baltimore, Maryland and Defendant admits that he was employed within Maryland.  Defendant is without knowledge and information sufficient to enable him to form a belief as to the truth of any other factual allegations contained in this paragraph of the Complaint and he therefore denies same and demands strict proof of the allegations.

13.     Paragraph 13 of the Complaint contains conclusions of law, to which no response is required.

## IV.     PRE-SUIT REQUIREMENTS

14.     Paragraph 14 of the Complaint contains conclusions of law, to which no response is required.

15.     Defendant is without knowledge and information sufficient to enable him to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint and he therefore denies same and demands strict proof of the allegations.

## V.     FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

16.     Defendant admits that Plaintiff was arrested on March 8, 2012.  Defendant otherwise denies the allegations contained in Paragraph 16 of the Complaint.

17.     Paragraph 17 of the Complaint contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

18.     Defendant admits that Plaintiff was operating a vehicle on Harford Road on the date in question.  Defendant is without knowledge and information sufficient to enable him to form a belief as to the truth of the remaining factual allegations contained in Paragraph 18 of the

Complaint and he therefore denies same and demands strict proof of the allegations.

19.    Defendant admits that Plaintiff brought her vehicle to a complete stop in the middle of Harford Road.  Defendant denies the remaining allegations contained in Paragraph 19 of the Complaint.

20.    Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21.    Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22.    Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23.    Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24.    Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25.    Defendant admits that officers remained at the scene until Plaintiff's relative arrived to retrieve Plaintiff's daughter from her car.  Defendant denies the remaining allegations contained in Paragraph 25 of the Complaint.

26.    Defendant denies the assumptions and allegations contained in Paragraph 26 of the Complaint.

27.    Defendant admits the allegations contained in Paragraph 27 of the Complaint.

28.    Defendant is without knowledge and information sufficient to enable him to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint and he therefore denies same and demands strict proof of the allegations.

29.    Defendant is presently without knowledge and information sufficient to enable him to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint and he therefore denies same and demands strict proof of the allegations.

30.    Paragraph 30 of the Complaint contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies same.

31.     Paragraph 31 of the Complaint contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant is without knowledge and information sufficient to enable him to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint and he therefore denies same and demands strict proof of the allegations.

32.     Defendant is without knowledge and information sufficient to enable him to form a belief as to the truth of the allegations and characterizations contained in Paragraph 32 of the Complaint and he therefore denies same and demands strict proof of the allegations.

33.     Paragraph 33 of the Complaint contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant is without knowledge and information sufficient to enable him to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint and he therefore denies same and demands strict proof of the allegations.

34.     Paragraph 34 of the Complaint contains vague characterizations that preclude a specific response and Defendant therefore denies same.

## COUNT I

35.     Defendant adopts and incorporates herein by reference his response to Paragraphs 1-34 of the Complaint.

36.     Paragraph 36 of the Complaint contains conclusions of law, to which no response is required.

37.     Defendant denies the assumptions contained in Paragraph 37 of the Complaint. Paragraph 37 of the Complaint otherwise contains conclusions of law, to which no response is required.

38.     Defendant denies the assumptions contained in Paragraph 38 of the Complaint. Paragraph 38 of the Complaint otherwise contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies same.

39.     Paragraph 39 of the Complaint contains conclusions of law, to which no response is required.

40.     Paragraph 40 of the Complaint contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies same.

41.     Defendant denies the assumptions contained in Paragraph 41 of the Complaint. Paragraph 41 of the Complaint otherwise contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies same and demands strict proof of the allegations.

42.     Paragraph 42 of the Complaint contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant is without knowledge and information sufficient to enable him to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint and he therefore denies same and demands strict proof of the allegations.

43.     Paragraph 43 of the Complaint contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant is without knowledge and information sufficient to enable him to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint and he therefore denies same and demands strict proof of the allegations.

## COUNT II

44.     Defendant adopts and incorporates herein by reference his response to Paragraphs 1-43 of the Complaint.

45.     Paragraph 45 of the Complaint contains a conclusion of law, to which no response is required.

46.     Paragraph 46 of the Complaint contains conclusions of law, to which no response is required.

47.     Defendant denies the assumptions contained in Paragraph 47 of the Complaint. Paragraph 47 of the Complaint otherwise contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies same and demands strict proof of the allegations.

48.     The allegations contained in Paragraph 48 of the Complaint concern only other defendants, therefore no admission or denial is required by Defendant.  To the extent an admission or denial is required, Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and he therefore denies same and demands strict proof of the allegations.

49.     Defendant denies the assumptions contained in Paragraph 49 of the Complaint. Paragraph 49 of the Complaint otherwise contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies same and demands strict proof of the allegations.

50.     Defendant denies the assumptions contained in Paragraph 50 of the Complaint. Paragraph 50 of the Complaint otherwise contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant is without knowledge and information

sufficient to enable him to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint and he therefore denies same and demands strict proof of the allegations.

## COUNT III

51.     Defendant adopts and incorporates herein by reference his response to Paragraphs 1-50 of the Complaint.

52.     Paragraph 52 of the Complaint contains a conclusion of law, to which no response is required.

53.     Paragraph 53 of the Complaint contains a conclusion of law, to which no response is required.  To the extent a response is required, Defendant denies same and demands strict proof of the allegations.

54.     Paragraph 54 of the Complaint contains a conclusion of law, to which no response is required.  To the extent a response is required, Defendant denies same and demands strict proof of the allegations.

55.     The allegations contained in Paragraph 55 of the Complaint concern only other defendants, therefore no admission or denial is required by Defendant.  To the extent an admission or denial is required, Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and he therefore denies same and demands strict proof of the allegations.

56.     Defendant denies the assumptions contained in Paragraph 56 of the Complaint. Paragraph 56 of the Complaint otherwise contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies same and demands strict proof of the allegations.

## COUNT IV

57.     Defendant adopts and incorporates herein by reference his response to Paragraphs 1-56 of the Complaint.

58.     Paragraph 58 of the Complaint contains assumptions, conclusions of law, and/or allegations relating to a claim against Officer Campbell that was dismissed pursuant to the Court's Order of November 27, 2013.  As such, no response is required.  To the extent a response is required, Defendant denies same and demands strict proof of the allegations.

59.     Paragraph 59 of the Complaint contains assumptions, conclusions of law, and/or allegations relating to a claim against Officer Campbell that was dismissed pursuant to the Court's Order of November 27, 2013.  As such, no response is required.  To the extent a response is required, Defendant denies same and demands strict proof of the allegations.

60.     Paragraph 60 of the Complaint contains assumptions, conclusions of law, and/or allegations relating to a claim against Officer Campbell that was dismissed pursuant to the Court's Order of November 27, 2013.  As such, no response is required.  To the extent a response is required, Defendant denies same and demands strict proof of the allegations.

61.     Paragraph 61 of the Complaint contains assumptions, conclusions of law, and/or allegations relating to a claim against Officer Campbell that was dismissed pursuant to the Court's Order of November 27, 2013.  As such, no response is required.  To the extent a response is required, Defendant denies same and demands strict proof of the allegations.

62.     Paragraph 62 of the Complaint contains assumptions, conclusions of law, and/or allegations relating to a claim against Officer Campbell that was dismissed pursuant to the Court's Order of November 27, 2013.  As such, no response is required.  To the extent a response is required, Defendant denies same and demands strict proof of the allegations.

## COUNT V

63.     Defendant adopts and incorporates herein by reference his response to Paragraphs 1-62 of the Complaint.

64.     Paragraph 64 of the Complaint contains assumptions, conclusions of law, and/or allegations relating to a claim against Officer Campbell that was dismissed pursuant to the Court's Order of November 27, 2013.  As such, no response is required.  To the extent a response is required, Defendant denies same and demands strict proof of the allegations.

65.     Paragraph 65 of the Complaint contains assumptions, conclusions of law, and/or allegations relating to a claim against Officer Campbell that was dismissed pursuant to the Court's Order of November 27, 2013.  As such, no response is required.  To the extent a response is required, Defendant denies same and demands strict proof of the allegations.

66.     Paragraph 66 of the Complaint contains assumptions, conclusions of law, and/or allegations relating to a claim against Officer Campbell that was dismissed pursuant to the Court's Order of November 27, 2013.  As such, no response is required.  To the extent a response is required, Defendant denies same and demands strict proof of the allegations.

## COUNT VI

67.     Defendant adopts and incorporates herein by reference his response to Paragraphs 1-66 of the Complaint.

68.     Paragraph 68 of the Complaint contains assumptions, conclusions of law, and/or allegations relating to a claim against Officer Campbell that was dismissed pursuant to the Court's Order of November 27, 2013.  As such, no response is required.  To the extent a response is required, Defendant denies same and demands strict proof of the allegations.

69.      Paragraph 69 of the Complaint contains assumptions, conclusions of law, and/or allegations relating to a claim against Officer Campbell that was dismissed pursuant to the Court's Order of November 27, 2013.  As such, no response is required.  To the extent a response is required, Defendant denies same and demands strict proof of the allegations.

70.      Paragraph 70 of the Complaint contains assumptions, conclusions of law, and/or allegations relating to a claim against Officer Campbell that was dismissed pursuant to the Court's Order of November 27, 2013.  As such, no response is required.  To the extent a response is required, Defendant denies same and demands strict proof of the allegations.

71.      Paragraph 71 of the Complaint contains assumptions, conclusions of law, and/or allegations relating to a claim against Officer Campbell that was dismissed pursuant to the Court's Order of November 27, 2013.  As such, no response is required.  To the extent a response is required, Defendant denies same and demands strict proof of the allegations.

72.      Paragraph 72 of the Complaint contains assumptions, conclusions of law, and/or allegations relating to a claim against Officer Campbell that was dismissed pursuant to the Court's Order of November 27, 2013.  As such, no response is required.  To the extent a response is required, Defendant denies same and demands strict proof of the allegations.

73.      Paragraph 73 of the Complaint contains assumptions, conclusions of law, and/or allegations relating to a claim against Officer Campbell that was dismissed pursuant to the Court's Order of November 27, 2013.  As such, no response is required.  To the extent a response is required, Defendant denies same and demands strict proof of the allegations.

74.      Paragraph 74 of the Complaint contains assumptions, conclusions of law, and/or allegations relating to a claim against Officer Campbell that was dismissed pursuant to the

Court's Order of November 27, 2013.  As such, no response is required.  To the extent a response is required, Defendant denies same and demands strict proof of the allegations.

## COUNT VII

75.    Defendant adopts and incorporates herein by reference his response to Paragraphs 1-74 of the Complaint.

76.    Paragraph 76 of the Complaint contains assumptions, conclusions of law, and/or allegations relating to a claim against Officer Campbell that was dismissed pursuant to the Court's Order of November 27, 2013.  As such, no response is required.  To the extent a response is required, Defendant denies same and demands strict proof of the allegations.

77.    Paragraph 77 of the Complaint contains assumptions, conclusions of law, and/or allegations relating to a claim against Officer Campbell that was dismissed pursuant to the Court's Order of November 27, 2013.  As such, no response is required.  To the extent a response is required, Defendant denies same and demands strict proof of the allegations.

78.    Paragraph 78 of the Complaint contains assumptions, conclusions of law, and/or allegations relating to a claim against Officer Campbell that was dismissed pursuant to the Court's Order of November 27, 2013.  As such, no response is required.  To the extent a response is required, Defendant denies same and demands strict proof of the allegations.

79.    Paragraph 79 of the Complaint contains assumptions, conclusions of law, and/or allegations relating to a claim against Officer Campbell that was dismissed pursuant to the Court's Order of November 27, 2013.  As such, no response is required.  To the extent a response is required, Defendant denies same and demands strict proof of the allegations.

80.    Paragraph 80 of the Complaint contains assumptions, conclusions of law, and/or allegations relating to a claim against Officer Campbell that was dismissed pursuant to the

Court's Order of November 27, 2013.  As such, no response is required.  To the extent a response is required, Defendant denies same and demands strict proof of the allegations.

## COUNT VIII

81.     Defendant adopts and incorporates herein by reference his response to Paragraphs 1-80 of the Complaint.

82.     Defendant denies the allegations contained in Paragraph 82 of the Complaint and demands strict proof of the allegations.

83.     Paragraph 83 of the Complaint contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies same and demands strict proof of the allegations.

84.     Defendant denies the factual allegations contained in Paragraph 84 of the Complaint.  To the extent Paragraph 84 contains conclusion of law, no response is required.

85.     Defendant denies the factual allegations contained in Paragraph 85 of the Complaint.  To the extent Paragraph 85 contains conclusion of law, no response is required.

86.     Defendant denies the assumptions contained in Paragraph 86 of the Complaint. Paragraph 86 of the Complaint otherwise contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies same and demands strict proof of the allegations.

87.     Paragraph 87 of the Complaint contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies same and demands strict proof of the allegations.

## COUNT IX

88.     Defendant adopts and incorporates herein by reference his response to Paragraphs 1-87 of the Complaint.

89.     Defendant denies the allegations contained in the first sentence of Paragraph 89 of the Complaint.  Defendant admits that Plaintiff was arrested, transported to Central Booking and charged as was alleged in Paragraph 27 of the Complaint.

90.     Defendant denies the allegations contained in Paragraph 90 of the Complaint and demands strict proof of the allegations.

91.     Defendant denies the allegations contained in Paragraph 91 of the Complaint and demands strict proof of the allegations.

92.     Paragraph 92 of the Complaint contains a conclusion of law, to which no response is required.  To the extent a response is required, Defendant denies same and demands strict proof of the allegations.

93.     Paragraph 93 of the Complaint contains a conclusion of law, to which no response is required.  To the extent a response is required, Defendant denies same and demands strict proof of the allegations.

94.     Paragraph 94 of the Complaint contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies same and demands strict proof of the allegations.

## COUNT X

95.     Defendant adopts and incorporates herein by reference his response to Paragraphs 1-94 of the Complaint.

96.     Paragraph 96 of the Complaint contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies same and demands strict proof of the allegations.

97.     Paragraph 97 of the Complaint contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies same and demands strict proof of the allegations.

98.     Paragraph 98 of the Complaint contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies same and demands strict proof of the allegations.

99.     Paragraph 99 of the Complaint contains conclusions of law, to which no response is required.

**COUNT XI**

100.    Defendant adopts and incorporates herein by reference his response to Paragraphs 1-99 of the Complaint.

101.    Defendant denies the factual allegations contained in the first sentence of Paragraph 101 of the Complaint and demands strict proof of same.  Paragraph 101 otherwise contains conclusions of law, to which no response is required.

102.    Defendant admits that Plaintiff was informed that her child may be transported to social services upon Plaintiff's arrest, as the child could not remain unattended.  Defendant otherwise denies the allegations contained in in Paragraph 102 of the Complaint and demands strict proof of same.

103.    Paragraph 103 of the Complaint contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations and demands strict proof of same.

104.    Paragraph 104 of the Complaint contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations and demands strict proof of same.

105.    Paragraph 105 of the Complaint contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies same and demands strict proof of the allegations.

Defendant denies that Plaintiff is entitled to the relief sought in Paragraphs A through E, and all subparts thereto, of the *ad damnum* clause that immediately follows paragraph 105 of the Complaint.

**GENERAL DENIAL**

Defendant enters a general denial of liability with respect to the Plaintiff's Complaint. Any factual allegation in Plaintiff's Complaint not specifically admitted above is hereby denied. Defendant demands strict proof of each and every aspect and element of the claims brought against him by Plaintiff.

**DEFENSES**

1.    The Complaint fails to state a claim upon which relief can be granted.

2.    Plaintiff's claims are barred by the doctrine of qualified immunity.

3.    Defendant committed no acts or omissions that breached any duty owed to Plaintiff or violated any of Plaintiff's legal rights.

4.      Plaintiff's claims are barred by the Local Government Tort Claims Act (Md. Code Ann., Cts. & Jud. Proc., § 5-301 *et seq.*).

5.      Defendant's actions were undertaken as a proper and justified exercise of his discretion and authority as a police officer.

6.      Plaintiff's alleged injuries and damages were not proximately caused by any alleged act or omission on the part of Defendant.

7.      Any injuries or damages sustained by Plaintiff were caused solely by her own acts and omissions.

8.      Plaintiff's damage claims are limited by applicable law, including Md. Code Ann., Cts. & Jud. Proc. § 5-301 *et seq.* and Md. Code Ann., State Gov't § 12-101 *et seq.*

9.      Plaintiff's claims are barred, in whole or in part, by the doctrine of assumption of the risk.

10.     Plaintiff's claims are or may be barred by waiver.

11.     Defendants reserve the right to amend this Answer to add any other affirmative or negative defense available in law or fact.

WHEREFORE, Defendant, Officer Campbell, respectfully requests that the Complaint be dismissed with prejudice and that Defendant be awarded such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted,

_____/s/_____
Thurman W. Zollicoffer, Jr. (Bar No. 23256)
Emily A. Daneker (Bar No. 27741)
Patrick D. McKevitt (Bar No. 30078)
Whiteford, Taylor & Preston L.L.P.
Seven Saint Paul Street – Suite 1500
Baltimore, Maryland 21202-1636
(410) 347-8700

*Attorneys for Defendant,*
*Officer Kenneth Campbell*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this **19th** day of **December, 2013**, a copy of the

foregoing Answer was served on the following via the Court's EFC system:

James B. Astrachan, Esquire
Christopher J. Lyon, Esquire
Astrachan Gunst Thomas, PC
217 East Redwood Street
Suite 2100
Baltimore, Maryland 21202
jastrachan@agtlawyers.com
clyon@agtlawyers.com
   *Attorneys for Plaintiff*

Christopher R. Lundy, Esquire
Assistant City Solicitor
Legal Affairs Division
Baltimore Police Department
100 N. Holliday Street
Room 101
Baltimore, Maryland 21202
   *Attorneys for Defendants Baltimore City*
   *Police Department and Commissioner*
   *Anthony W. Batts*

Lawrence S. Greenberg, Esquire
Greenberg Law Office
6 East Biddle Street
Baltimore, Maryland 21202
larry@greenberglawyers.com
   *Attorneys for Plaintiff*

_____/s/_____
Patrick D. McKevitt

18