```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND

MAKIA SMITH                     *

        Plaintiff               *

        vs.                     *    CIVIL ACTION NO. MJG-13-1352

BALTIMORE CITY POLICE           *
DEPARTMENT et al.
                                *
        Defendants
*     *     *     *     *     *     *     *     *
```

ORDER DENYING STAY OF PROCEEDINGS

Defendant Church has filed a Notice of Bankruptcy Filing and Discharge [Document 23], asserting that his liability in this matter has been discharged and stating that further proceedings herein are subject to the automatic stay by virtue of § 524 of the Bankruptcy Code.  The document shall be deemed to be a motion for stay of proceedings.

There are significant issues presented regarding the assertions by Defendant Church.

First of all, § 523(a)(6) of the Bankruptcy Code excepts from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." Accordingly, even if Defendant Church had proceeded properly before the Bankruptcy Court, the claims at issue in the instant lawsuit do not appear to be subject to discharge.

In addition, there are more serious issues presented. The instant lawsuit was filed on May 8, 2013 and the Bankruptcy Court case 13-18858 was filed by Defendant Church, represented by counsel on May 21, 2013.  Nevertheless:

- The filed schedules [Document 2][1], including the schedule of unsecured creditors, does not refer to Plaintiff Makia Smith.  Nor is Plaintiff Smith listed on the matrix identifying persons to whom notices will be sent.

- The Declaration [Document 3 – 2], signed under oath by Defendant Church, states that the schedules, which omit reference to Plaintiff Smith, are true and correct to the best of his knowledge and belief.

- In the Statement of Affairs [Document 4], filed May 21, 2013 and signed under penalty of perjury, Defendant Church answered "None" in response to item 4 stating: "List all suits and administrative proceedings to which the debtor is or was a party within ONE YEAR immediately preceding the filing of this bankruptcy case."

- In the Amended Statement of Financial Affairs [Document 28], filed July 11, 2013, and signed under penalty of perjury, Defendant Church again answered "None" in response to item 4 stating:  "List all suits and administrative proceedings to which the debtor is or was a party within ONE YEAR immediately preceding the filing of this bankruptcy case."

In view of the foregoing, it appears that Defendant Church's bankruptcy discharge did not discharge the claims presented by Plaintiff Makia Smith in the instant case. Moreover, it appears that Defendant Church may not have had any

---

[1] References to Document numbers in this list are to the docket of the Bankruptcy Court in case 13-18858.

reasonable basis for contending that there had been an effective discharge. Furthermore, it appears that Defendant Church made false statements, under oath, to the United States Bankruptcy Court, regarding the pendency of the instant lawsuit.

Under the circumstances:

1. The Court finds, taking judicial notice of the public records of the United States Bankruptcy Court for the District of Maryland, that Defendant Church has not shown that Plaintiff Makia Smith should be enjoined from proceeding with the claims in the instant law suit against him by virtue of a purported discharge in Bankruptcy Court case 13-18858.

2. The Court shall determine, in due course, the extent to which Defendant Church's actions in the Bankruptcy Court, including his false statements under oath denying the pendency of the instant law suit, may be admissible in evidence in the instant case with regard to his credibility and/or other matters.

3. Should Defendant Church contend that, in fact, the Bankruptcy Court, in case 13-18858, effectively discharged the claims presented by Plaintiff Makia Smith in the instant case, he shall, by February 17, 2014, move for dismissal of the claims against him on the basis of that purported discharge.

4. Subject to further Order, the instant case shall proceed pursuant to existing scheduling.

SO ORDERED, on Tuesday, February 04, 2014.

/s/
Marvin J. Garbis
United States District Judge

3