IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MAKIA SMITH                          *

          Plaintiff            *

         vs.                  *   CIVIL ACTION NO. MJG-13-1352

BALTIMORE CITY POLICE                *
DEPARTMENT et al.
                         *

         Defendants
*     *     *     *     *     *     *     *     *

<u>MEMORANDUM AND ORDER RE: MOTION TO DISMISS</u>

The Court has before it Defendants Baltimore City Police Department and Commissioner Anthony Batts' Motion to Dismiss Plaintiff's Complaint [Document 3] and the materials submitted relating thereto.  The Court has held a hearing and has had the benefit of the arguments of counsel.

I.    <u>BACKGROUND</u>[1]

On March 8, 2012, Plaintiff Makia Smith ("Plaintiff") was driving home along Harford Road in Baltimore, Maryland when traffic forced her to stop her vehicle.  While stopped, Plaintiff witnessed four police officers from the Baltimore City Police Department ("BCPD"), Nathan Church, William Pilkerton, Jr., Nathan Ulmer, and Kenneth Campbell beating a young male.

_____

[1]    The "facts" herein are as alleged by Plaintiff and are not necessarily agreed upon by Defendants.

1

Plaintiff began taking pictures of the beating and arrest of the young male with her telephone camera.  Upon realizing that Plaintiff was filming the incident, Defendant Church ran over to Plaintiff's car, grabbed the telephone, and smashed the telephone with his foot, destroying it.  Defendant Church then pulled Plaintiff from her car and began to beat her.  Officers Pilkerton, Ulmer, and Campbell also ran over to Plaintiff's car and began beating her.  Using excessive force, the officers arrested Plaintiff while taunting her with threats about her two-year-old daughter, who was in the backseat of the car during the incident, being transported to Social Services.

Plaintiff was charged with several criminal and traffic offenses in connection with the incident, including second degree assault against Officer Church and "causing a vehicle to obstruct a free vehicle passage of a roadway."  Compl. ¶ 27. "On January 3, 2013, a disposition of nolle prosequi was entered for all of the criminal and traffic charges filed by Officer Church against Plaintiff."  Id. ¶ 29.  As a result of the incident, Plaintiff was forced to seek medical treatment for injuries to her face, neck, and body.

On May 18, 2013, Plaintiff filed the instant lawsuit, alleging various federal constitutional claims, state constitutional claims, and common law tort claims.

Plaintiff asserts claims against Officers Church, Pilkerton, Ulmer, and Campbell in their official and individual capacities (collectively "individual officer Defendants") and against BCPD and BCPD Commissioner Anthony W. Batts, in his official capacity, (collectively "BCPD Defendants") in eleven Counts.  As to the BCPD Defendants, Plaintiff asserts claims in three Counts:

| | | |
|---|---|---|
| Count I: | Violation of 42 U.S.C. § 1983 – Free Speech Rights |
| Count III: | Violation of 42 U.S.C. § 1983 – Freedom from Unreasonable Searches and Seizures |
| Count IV: | Violation of 42 U.S.C. § 1983 – Freedom from Deprivation of Property Without Due Process |

By the instant motion, the BCPD Defendants seek dismissal of all claims against them - in Counts I, III, and IV - pursuant to Federal Rule of Civil Procedure 12(b)(6).


II.  <u>DISMISSAL STANDARD</u>

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6)[2] tests the legal sufficiency of a complaint. A complaint need only contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim

---

[2]    All "Rule" references herein are to the Federal Rules of Civil Procedure.

is and the grounds upon which it rests.'"  Bell Atl. Corp. v.
Twombly, 550 U.S. 544, 555 (2007) (alteration in original)
(citations omitted).  When evaluating a 12(b)(6) motion to
dismiss, a plaintiff's well-pleaded allegations are accepted as
true and the complaint is viewed in the light most favorable to
the plaintiff.  However, conclusory statements or "a formulaic
recitation of the elements of a cause of action will not
[suffice]."  Id.  A complaint must allege sufficient facts "to
cross 'the line between possibility and plausibility of
entitlement to relief.'"  Francis v. Giacomelli, 588 F.3d 186,
193 (4th Cir. 2009) (quoting Twombly, 550 U.S. at 557).

Inquiry into whether a complaint states a plausible claim
is "'a context-specific task that requires the reviewing court
to draw on its judicial experience and common sense.'"  Id.
(quoting Twombly, 550 U.S. at 557).  Thus, if "the well-pleaded
facts [contained within a complaint] do not permit the court to
infer more than the mere possibility of misconduct, the
complaint has alleged – but it has not 'show[n]' – 'that the
pleader is entitled to relief.'"  Id. (quoting Ashcroft v.
Iqbal, 556 U.S. 662, 679 (2009) (alteration in original)).


III. DISCUSSION

The BCPD Defendants seek dismissal of all claims against
them for failure to state a plausible 42 U.S.C. § 1983 claim

pursuant to <u>Monell v. Department of Social Services of New York</u>,

436 U.S. 658 (1978).[3]  That is, the BCPD Defendants contend that

the Complaint "fails to state sufficient facts demonstrating

that an official policy or custom is the 'moving force' behind

the alleged violation of [Plaintiff]'s constitutional rights."

[Document 3] at 2-3.

42 U.S.C. § 1983 states in pertinent part:

> Every person who, under color of any
> statute, ordinance, regulation, custom, or
> usage, of any State . . . subjects, or
> causes to be subjected, any citizen of the
> United States . . . to the deprivation of
> any rights, privileges, or immunities
> secured by the Constitution and laws, shall

---

[3]    The BCPD Defendants also contend that dismissal is
appropriate because "the Complaint fails to allege sufficient
facts to show supervisory liability against Commissioner Batts
under § 1983." [Document 3] at 16.  The Court finds that
Plaintiff has failed to plead adequately a plausible claim of
relief as to the three elements required to sustain a § 1983
supervisory liability claim against Commissioner Batts.  <u>See</u>
<u>Shaw v. Stroud</u>, 13 F.3d 791, 799 (4th Cir. 1994) ("We have set
forth three elements necessary to establish supervisory
liability under § 1983: (1) that the supervisor had actual or
constructive knowledge that his subordinate was engaged in
conduct that posed 'a pervasive and unreasonable risk' of
constitutional injury to citizens like the plaintiff; (2) that
the supervisor's response to that knowledge was so inadequate as
to show 'deliberate indifference to or tacit authorization of
the alleged offensive practices,'; and (3) that there was an
'affirmative causal link' between the supervisor's inaction and
the particular constitutional injury suffered by the plaintiff."
(citations omitted)).  However, Commissioner Batts can still be
held liable in his official capacity for a § 1983 claim under
<u>Monell</u>.  <u>Cf.</u> <u>Kentucky v. Graham</u>, 473 U.S. 159, 165 (1985)
("Official-capacity suits . . . 'generally represent only
another way of pleading an action against an entity of which an
officer is an agent.'" (quoting <u>Monell v. Dep't of Soc. Servs.</u>
<u>of New York</u>, 436 U.S. 658, 690 n.55 (1978))).

be liable to the party injured in an action
at law . . . .

As the United States Supreme Court has noted, "[t]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." Wyatt v. Cole, 504 U.S. 158, 161 (1992). "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658, 694 (1978). However, a local government entity can be held liable under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Id.; see also Kentucky v. Graham, 473 U.S. 159, 166 (1985) ("[A] governmental entity is liable under § 1983 only when the entity itself is a 'moving force' behind the deprivation, [meaning that] the entity's 'policy or custom' must have played a part in the violation of federal law." (citations omitted)). A § 1983 claim against a government entity based upon a policy or custom has thus come to be known as a "Monell claim."[4] See Walker v. Prince George's Cnty., Md., 575 F.3d 426, 431 (4th Cir. 2009).

---

[4]   The Monell holding also applies to lawsuits against local government officials sued in their official capacities. See Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658, 690

A plaintiff who brings a Monell claim must plead adequately:

> (1)   "the existence of an official policy or custom that is fairly attributable to the municipality and"
>
> (2)   "that proximately caused the deprivation of [his or her] rights."

Jordan v. Jackson, 15 F.3d 333, 338 (4th Cir. 1994).  A policy or custom can arise in any one of the following ways:

> (1)   through an express policy, such as a written ordinance or regulation;
>
> (2)   through the decisions of a person with final policymaking authority;
>
> (3)   through an omission, such as a failure to properly train officers, that "manifest[s] deliberate indifference to the rights of citizens"; or
>
> (4)   through a practice that is so "persistent and widespread" as to constitute a "custom or usage with the force of law."

Lytle v. Doyle, 326 F.3d 463, 471 (4th Cir. 2003) (alteration in original) (citation omitted);  see also Connick v. Thompson, 131

---

n.55 (1978) ("[O]ur holding today that local governments can be sued under § 1983 necessarily decides that local government officials sued in their official capacities are 'persons' under § 1983 in those cases in which, as here, a local government would be suable in its own name.").  Thus, a claim against Commissioner Batts in his official capacity is another iteration of a Monell claim against BCPD.  Cf. Graham, 473 U.S. at 167 n.14 ("There is no longer a need to bring official-capacity actions against local government officials, for under Monell . . . local government units can be sued directly for damages and injunctive or declaratory relief.").

S. Ct. 1350, 1359 (2011) ("Official municipal policy includes
the decisions of a government's lawmakers, the acts of its
policymaking officials, and practices so persistent and
widespread as to practically have the force of law.").


    A.   <u>Monell Claim – Official Policy or Custom</u>

Plaintiff's Complaint plausibly alleges the existence of an
official BCPD policy or custom of seizing recording devices from
citizens and deleting the data and/or destroying the devices to
prevent citizens from recording law enforcement officers
performing their official duties in public.  Plaintiff contends
that the BCPD Defendants "exert substantial control over the
policies and practices that govern[ed] the actions of" the
individual officer Defendants and that:

> [i]n exercising such control, BCPD and the
> Commissioner have gathered knowledge of, or
> created by implication or express
> implication, a policy, practice, or custom
> within BCPD to violate the constitutional
> rights of citizens by allowing the seizure
> of devices used for the recording of
> officers in public places and by giving
> permission to delete data or destroy the
> devices.

Compl. ¶¶ 32-33.  Plaintiff alleges that there have been
"numerous examples in recent years of the BCPD . . .
confiscating cameras or other recording devices belonging to
citizens who recorded law enforcement officials performing their

official duties in public."  Id. ¶ 34.  Plaintiff further

alleges that "[m]uch has been reported in local newspapers about

the activities of members of BCPD resulting in settlements and

awards."  Id. ¶ 9.

It is not clear whether a plaintiff pleading a policy or

custom for a purposes of a Monell claim is required to allege

more than one incident.  See McMahon v. Cnty. Comm'rs of Kent

Cnty., No. JFM-13-490, 2013 WL 2285378, at *4 (D. Md. May 21,

2013) ("In Jordan v. Jackson, the Fourth Circuit stated that a

plaintiff need not 'plead multiple instances of similar

constitutional violations to support an allegation of municipal

policy or custom.'  In Jordan, however, the plaintiff had

alleged 'the existence of several municipal policies or

customs.'  [The plaintiff in] McMahon, by contrast, never

allege[d] the existence of any municipal policy.  Jordan[,]

therefore[,] stands for the proposition that a plaintiff who

alleges the existence of a municipal policy or custom need not

substantiate that allegation by pleading other specific

incidents of similar constitutional violations.  But[,] where

the plaintiff alleges neither the existence of a policy nor

specific incidents of similar conduct, the complaint does not

support a plausible and reasonable inference that municipal

policy or custom caused the plaintiff's constitutional

deprivations." (citations omitted)).

9

Here, however, Plaintiff has alleged not only the existence of a policy or custom, but also the existence of "numerous" other incidents similar to the one that occurred on March 8, 2012.  Therefore, this case is distinguishable from cases in which the plaintiff alleged only one incident when pleading a policy or custom.  See, e.g., Linnemann v. City of Aberdeen, No. MJG-12-2021, 2013 WL 3233526, at *10 (D. Md. June 25, 2013) ("The Court is doubtful that the one deprivation alleged in the Complaint is sufficient to give rise to a plausible claim of the existence of an official policy or custom . . . .").

Accepting Plaintiff's factual allegations as true, as the Court must when reviewing a motion to dismiss, Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997), it is plausible that there was a policy or custom within BCPD that would subject the BCPD Defendants to Monell liability "for the misconduct alleged" in Plaintiff's Complaint.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  If "numerous" accounts of similar behavior on the part of BCPD officers exist, it is plausible that BCPD - either through (1) an express policy, (2) the decisions of a person with final policymaking authority, such as Commissioner Batts, (3) deliberate indifference to police officers' behavior, or (4) a persistent and widespread practice - had an official policy or custom of preventing citizens from recording police officers performing their official duties in public.

The Court finds the BCPD Defendants' reliance on Fernandes v. Montgomery County, Maryland, a decision of this Court that dismissed the plaintiff's Monell claims for failure to state a claim, unpersuasive.  In Fernandes, a police officer stopped a vehicle driven by the Portuguese-American plaintiff and proceeded to smash the passenger-side window and beat the plaintiff.  Fernandes v. Montgomery Cnty., Md., No. 10-cv-00752-AW, 2010 WL 4746155, at *1 (D. Md. Nov. 15, 2010).  The plaintiff's complaint alleged that "'the acts [of the police officers] were the result of policies or customs of the County, including, but not limited to, the County's policy or custom of discriminating against minorities and/or the County's deliberate indifference to the proper training of its police officers.'"  Id. at *3 (alteration in original) (citation omitted).  The Court concluded that the plaintiff's allegations were insufficient to state a plausible claim of a policy or custom under Monell.  Id. at *4.

Unlike the plaintiff in Fernandes, who made conclusory allegations of a "policy or custom of discriminating against minorities" and "deliberate indifference to the proper training," Plaintiff in the instant case presents specific allegations as to what the policy or custom entailed – seizing devices used to record police officers in public and destroying the data and/or devices – and notes that other similar incidents

have occurred in recent years.  The Court finds that Plaintiff's factual allegations as to the March 8, 2012 incident, combined with the allegation regarding numerous other incidents, plausibly establish the inference that BCPD had an official policy or custom of preventing citizens from being able to record police officers performing their official duties in public.

  B.  Monell Claim – Proximate Cause

    Plaintiff plausibly alleges that an official policy or custom of BCPD proximately caused the deprivation of her constitutional rights.  Plaintiff alleges that the individual officer Defendants, acting under an official policy or custom of BCPD, violated the rights guaranteed to her under the First and Fourteenth Amendments to the U.S. Constitution by preventing her from recording the March 8, 2012 incident and exercising her right to free speech, depriving her of her property – a telephone with a camera - without due process, and seizing and assaulting her.  See Compl. ¶¶ 36-43, 52-56, 58-61.  If BCPD had an official policy or custom of seizing recording devices and/or otherwise preventing citizens from filming police officers, and if the allegations surrounding the March 8, 2012 incident are true, then the individual officers acted unconstitutionally and no additional proof of causation is required.  See Spell v.

McDaniel, 824 F.2d 1380, 1387 (4th Cir. 1987) ("When a municipal 'policy or custom' is itself unconstitutional, i.e., when it directly commands or authorizes constitutional violations, . . . the causal connection between policy and violation is manifest and does not require independent proof." (citation omitted)); see also City of Oklahoma City v. Tuttle, 471 U.S. 808, 822 (1985) ("The 'policy' . . . that was challenged in Monell was a policy that by its terms compelled pregnant employees to take mandatory leaves of absence before such leaves were required for medical reasons; this policy in and of itself violated the constitutional rights of pregnant employees by reason of [a prior Supreme Court] decision . . . . [N]o evidence was needed other than a statement of the policy by the municipal corporation, and its exercise      . . . ."), abrogation on other grounds recognized by Collins v. City of San Diego, 841 F.2d 337 (9th Cir. 1988).

In sum, the Court concludes that Plaintiff has alleged facts sufficient to present a plausible Monell claim against the BCPD Defendants.

IV.    <u>CONCLUSION</u>

For the foregoing reasons:

1.    Defendants Baltimore City Police Department and Commissioner Anthony Batts' Motion to Dismiss Plaintiff's Complaint [Document 3] is DENIED.

2.    Plaintiff shall either (1) provide an agreement regarding the dates[5] and any other desired provisions to include in the Scheduling Order or (2) arrange a telephone conference to be held by April 18, 2014.

SO ORDERED, on <u>Tuesday, March 25, 2014</u>.

_____/s/_____<br>
Marvin J. Garbis<br>
United States District Judge

---

[5]    <u>I.e.</u> the dates by which (1) factual discovery must be concluded, (2) the parties shall provide expert witness information and commence expert discovery, and (3) any summary judgment motions shall be filed.