

Writer's Direct Contact:
410.783.3528
eharlan@agtlawyers.com

Reply to Baltimore Office

217 east redwood street
21st floor
baltimore, maryland 21202
410.783.3550
410.783.3530 fax

washington, dc

www.agtlawyers.com

September 24, 2014

The Honorable Marvin J. Garbis
U.S. District Court for the District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

     Re:   *Makia Smith v. Baltimore City Police Department, et al.*
            Case No. 1:13-cv-1352 (MJG)

Dear Judge Garbis:

     In accordance with the Court's request during the conference call held on September 16, 2014, Plaintiff submits the attached deposition excerpts to demonstrate the existence of triable issues of fact with respect to the following statements in Mr. Zollicoffer's letter dated September 15, 2014:

1. It is undisputed that Ms. Smith refused lawful orders to move her car from the travel lane of Harford Road, as it was impeding the free flow of traffic.

2. It is undisputed that Ms. Smith refused lawful orders to produce her driver's license upon lawful demand by Officer Church.

**<u>Triable issues of fact exist regarding whether Ms. Smith received lawful orders to move her car or to produce her driver's license</u>**

     The Officer Defendants characterize this case as a routine traffic-related arrest inspired by Ms. Smith's alleged refusal to move her car. This was not a traffic-related arrest at all; it was an incident in which police officers reacted violently to a citizen filming police activity.

     As demonstrated by the deposition excerpts below, Officer Church saw Ms. Smith filming police activity, asked her to get back in her car, she did not immediately get back in the car, but instead told Officer Church that she was trying to make sure the

The Honorable Marvin J. Garbis
September 24, 2014
Page 2 of 2



police did not hurt the juvenile they were arresting.  Officer Church ran toward the car, at which point Ms. Smith got into the car.  When Officer Church reached the car he grabbed Ms. Smith's cell phone and destroyed it, then proceeded to pull her out of the car by her hair.  Ms. Smith testified that Officer Church did not tell her this was a traffic stop, nor did he request her driver's license.  Additional testimony provided below corroborates the fact that Ms. Smith was filming police activity and that the Officer Defendants were aware of the filming.  The testimony also calls into question what Officer Church said to Ms. Smith and the reason for her arrest.

| | |
|---|---|
| Makia Smith: | 36:13—37:17 |
| | 47:9—49:1 |
| | 54:8—56:9 |
| | 63:10—64:2 |
| Tricezette Kennedy: | 10:8—13:19 |
| | 16:7—21 |
| | 22:19—23:7 |
| | 37:5—12 |
| Renee Coleman: | 37:4—11 |
| Officer Ulmer: | 77:1—12 |
| | 78:9—79:16 |
| Sergeant Harris: | 24:7—17 |
| | 25:17—26:11 |
| | 54:12—19 |
| Officer Banks: | 28:20—29:11 |

### **Triable issues of fact exist regarding whether Ms. Smith's car was impeding the free flow of traffic**

The following testimony supports the position that Ms. Smith's car was not impeding the free flow of traffic.  Several witnesses testified that when Ms. Smith was filming the officers, and before the officers came to her car, traffic was not moving.  Thus, there was no way for Ms. Smith to move forward and her car was not the cause of the congested traffic.

Author, The Law of Advertising
LexisNexis

214553.001/117039

astrachan gunst thomas

| | |
|---|---|
| Makia Smith: | 49:20—21 |
| Tricezette Kennedy: | 8:2—12 |
| | 9:12—13 |
| | 38:13—19 |
| | 40:17—20 |
| Renee Coleman: | 14:7—8 |
| | 38:16—39:13 |
| Officer Campbell: | 25:6-12 |

Based on the foregoing examples of testimony provided in this action, a motion for summary judgment brought by the Officer Defendants premised on the "undisputed" facts set forth in Mr. Zollicoffer's September 15 letter would be unsuccessful and would result in an efficient use of judicial resources.

Very truly yours,

/s/ Elizabeth A. Harlan

Elizabeth A. Harlan

EAH/kjg

cc: Thurman W. Zollicoffer, Jr., Esq.
    Dennis M. Robinson, Esq.
    Patrick McKevitt, Esq.
    Christopher Lundy, Esq.