# WHITEFORD, TAYLOR & PRESTON L.L.P.

SEVEN SAINT PAUL STREET
BALTIMORE, MARYLAND 21202-1636

MAIN TELEPHONE (410) 347-8700
FACSIMILE (410) 752-7092

THURMAN W. ZOLLICOFFER, JR.
DIRECT LINE (410) 347-9453
DIRECT FAX (410) 223-4353
TZollicoffer@wtplaw.com

BALTIMORE, MD
BETHANY BEACH, DE*
BETHESDA, MD
COLUMBIA, MD
DEARBORN, MI
FALLS CHURCH, VA
LEXINGTON, KY
ROANOKE, VA
TOWSON, MD
WASHINGTON, DC
WILMINGTON, DE*

WWW.WTPLAW.COM
(800) 987-8705

September 24, 2014

**VIA CM-ECF**
Honorable Marvin J. Garbis
United States District Court, District of Maryland

Re:   *Makia Smith v. Baltimore City Police Department, et al.*, Case No. 1:13-cv-1352

Dear Judge Garbis:

The key question with respect to the bulk of Plaintiff's claims is whether it was objectively reasonable for the Officers to believe that there was probable cause to arrest Ms. Smith. *Williamson v. Grant*, Case No. CCB-07-1147, 2009 WL 1657446, *5-8 (D. Md. June 9, 2009) (granting summary judgment in favor of officer defendants on false arrest and excessive force[1] claims brought under § 1983 because defendants could have reasonably believed that there was probable cause to arrest Plaintiff).[2] This standard governs whether the Officer Defendants are entitled to summary judgment and will also ultimately govern a determination regarding the Officers' liability if this matter proceeds to trial.[3]

Resolving this issue at this stage of the proceeding will facilitate the efficient resolution of this matter and narrow the issues for trial. Courts have previously addressed this issue in the context of summary judgment proceedings and ruled that, even where the parties' factual accounts differed, probable cause to arrest for failure to obey a lawful order provided a basis for summary judgment. *See, e.g., Brown v. Gilmore*, 278 F.3d 362 (4th Cir. 2002) (reversing denial of summary judgment because plaintiff's

---

[1]   Notwithstanding representations by Plaintiff's counsel during the September 15, 2014 telephone conference with the Court, a review of the Complaint shows that Ms. Smith did not bring claims for excessive force.

[2]   A finding of probable cause would eliminate Plaintiff's claims brought under § 1983. In *Williamson*, Judge Blake declined to exercise supplemental jurisdiction over the remaining state law claims, and dismissed those claims without prejudice. A chart detailing the effect of a probable cause analysis on a by-claim and by-Officer basis is attached as *Exhibit A*.

[3]   The inquiry with respect to Officers Pilkerton, Campbell and Ulmer is whether their "decision to assist in the arrest was objectively reasonable in light of the circumstances and existing law." *Carter v. Jess*, 179 F. Supp. 2d 534, 544 (D. Md. 2001).

failure to obey order to get in car and move car away from the scene of an accident gave officer probable cause to arrest); *Carter v. Jess*, 179 F. Supp. 2d 534 (D. Md. 2001) (despite certain facts being in dispute, granting summary judgment in favor of officer defendants on § 1983 claims and dismissing state law claims because plaintiff's failure to obey order to leave marked-off crime scene gave officer probable cause to arrest).

Based on Plaintiff's admissions and the testimony of her two fact witnesses, there is undisputed record evidence that compels the conclusion that Officer Church had an objectively reasonable belief that he had probable cause to arrest Ms. Smith on at least one of the following grounds: (1) impeding the free flow of traffic; (2) failing to produce identification on lawful demand; and/or (3) failing to obey a lawful order to return to her car and cease impeding the free flow of traffic.

## Ms. Smith's Testimony

Ms. Smith stopped her car in the middle of Harford Road, turned off the engine, removed the keys from the ignition, and exited her vehicle to film an interaction between a juvenile and a non-party officer.[4] Ms. Smith confirmed that she was in a travel lane on northbound Harford Road when she stopped and exited her vehicle.[5] She stepped out of her car to attempt to film the incident, and immediately heard Officer Church give her instructions.[6] Ms. Smith heard Officer Church order her to get back into her car. She refused this lawful order, opting instead to argue with Officer Church.[7] Ms. Smith understood that she was standing outside vehicle and that Officer Church had ordered her to get back inside her car, but she did not immediately follow his order.[8] In no uncertain terms, Ms. Smith admitted that she failed to obey Officer Church's lawful order:

> Q:  So you marked that you are in the -- looks like the right lane, and that Officer Church was on the grass when you guys -- when he first started having a conversation with you?

---

[4] *See generally* Deposition of Makia Smith (July 2, 2014), attached in its entirety as *Exhibit B*. Specific portions of the testimony relevant to a probable cause analysis are referenced above and highlighted in *Exhibit B*.

[5] *Id.* at 39:8-43:9 and Exhibit 3 thereto; *id.* at 43:10-44:20 and Exhibit 4 thereto. Exhibits 3 and 4 to Ms. Smith's deposition transcript are attached as *Exhibit C*. For ease of viewing, counsel has annotated *Exhibit C* with a yellow arrow pointing to red marks made by Ms. Smith that are otherwise difficult to see. Unannotated versions of Exhibits 3 and 4 to Ms. Smith's deposition transcript are also included in *Exhibit C*.

[6] *Id.* at 24:2-7.

[7] *Id.* at 26:15-21.

[8] *Id.* at 34:11-35:2; 36:13-37:6; 63:10-16.

      A:      Yes.

      Q:      He asked you to get back to the car?

      A:      Uh-huh. Yes.

      Q:      But you don't do so right away, right?

      A:      No.[9]

Thus, based on Plaintiff's own admissions, Officer Church had probable cause to arrest Ms. Smith for—at a minimum—her failure to obey his lawful order to get back into her vehicle.

## Ms. Kennedy's Testimony

Plaintiff identified Ms. Kennedy as a witness to the incident that is the subject of this lawsuit. Ms. Kennedy was driving a vehicle behind Ms. Smith at the time of this incident.[10] Ms. Kennedy did not hear the exchange between Officer Church and Ms. Smith,[11] so she does not know whether Officer Church gave Ms. Smith a lawful order to get back into her vehicle.[12] Thus, Ms. Kennedy is unable to contradict the testimony of the Officers and Ms. Smith that Officer Church gave and Ms. Smith refused a lawful order to get back into her vehicle.

## Ms. Coleman's Testimony

Plaintiff also identified Ms. Coleman as a witness to the incident that is the subject of this lawsuit. Ms. Coleman heard a commotion on Harford Road and came outside to observe.[13] Like Ms. Kennedy, Ms. Coleman did not hear the exchange between Officer Church and Ms. Smith, so she does not know whether Officer Church gave Ms. Smith a lawful order to get back into her vehicle.[14] Thus, Ms. Coleman is

---

[9] *Id.* at 47:9-17.

[10] *See generally* Deposition of Tricezette Kennedy (July 2, 2014), attached in its entirety as *Exhibit D*. Specific portions of the testimony relevant to a probable cause analysis are referenced above and highlighted in *Exhibit D*.

[11] *Id.* at 10:17-19.

[12] *Id.* at 17:1-3.

[13] *See generally* Deposition of Renee Coleman (July 2, 2014), attached in its entirety as *Exhibit E*. Specific portions of the testimony relevant to a probable cause analysis are referenced above and highlighted in *Exhibit E*.

[14] *Id.* at 18:20-19:7.

unable to contradict the testimony of the Officers and Ms. Smith that Officer Church gave and Ms. Smith refused a lawful order to get back into her vehicle.

The testimony of these witnesses does not contradict the Officers' version of the events related to Ms. Smith's failure to obey Officer Church's order that Ms. Smith get back into her car. The purported disputes of fact raised by Plaintiff are not material to Your Honor's determination of whether, mindful of the totality of the circumstances, Officer Church had an objectively reasonable belief that he had probable cause to arrest Ms. Smith for impeding traffic, failing to produce a license, or disobeying a lawful order. As demonstrated by the transcript references to the testimony of Plaintiff and her two fact witnesses, the inescapable conclusion is that Officer Church indeed had probable cause to arrest.

Judge Wilkinson's closing comments in *Brown* are apt:

We recognize that encounters such as this one come charged with emotion. The parties generally arrive at court with different versions of events, reflecting the different vantage points of those involved. Without minimizing the dignitary concerns of those arrested and without granting *carte blanche* to those making the arrest, the Supreme Court has mandated that we respect the objectively reasonable conduct of those charged with the duty of maintaining public peace. "[J]udged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight," the actions in this case pass constitutional muster. *Graham*, 490 U.S. at 396, 109 S.Ct. 1865. The officers here did not have the option of delaying decision in order to determine what a fact finder months or years later might make of the situation. They had to get traffic moving on the spot. They did so with a minimum of force, and they committed no constitutional infraction.

278 F.3d at 370.

The Officer Defendants ask that Your Honor grant leave to file motions for summary judgment on these grounds.

Sincerely,

Thurman W. Zollicoffer, Jr.