IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | | |
|---|---|---|
| MAKIA SMITH, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No:   1:13-CV-1352 |
| BALTIMORE CITY POLICE DEPARTMENT, *et al.*, | * | |
| | * | |
| Defendants. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \*

**DEFENDANTS CHURCH, PILKERTON, ULMER, AND CAMPBELL'S
MOTION FOR PARTIAL SUMMARY JUDMENT**

Defendants, Officer Nathan Church, Officer William Pilkerton, Jr., Officer Nathan Ulmer, and Officer Kenneth Campbell (collectively, the "Officer Defendants"), pursuant to this Court's Order [ECF No.58] setting the procedure for the filing of simplified motions for summary judgment, move for partial summary judgment.

**PRELIMINARY STATEMENT**

The Officer Defendants are submitting this motion for summary judgment pursuant to the Court's Order [ECF No. 58] setting forth an alternative procedure for the filing of motions for summary judgment. The Court's Order provides that the motions for summary judgment "need not be accompanied by a formal memorandum," but rather "need only state that the Defendant seeks summary judgment with regard to the claims specified by Plaintiff's counsel with a succinct general statement of the grounds." [ECF No. 58].

- 2 -

In compliance with the Order, the Officer Defendants have not included all of the factual and legal arguments in support of their motion for partial summary judgment, and have presented others only in abbreviated format. In so doing, however, the Officer Defendants do not waive any rights under Federal Rule of Civil Procedure 56 or Local Rule 105, including the right to seek leave to fully brief their motions for partial summary judgment. The Officer Defendants also expressly reserve the right to raise or expound upon any applicable factual and legal arguments in a reply memorandum or other appropriate filing with the Court.

In addition, the Officer Defendants adopt and incorporate by reference the letters from their counsel dated August 12, 2014 (via email to chambers), September 15, 2014 [ECF No. 54], and September 24, 2014 [ECF No. 57], including the deposition transcripts attached thereto, detailing in part the basis of their motion for summary judgment. The inclusion of certain factual and legal arguments in those letters responded to this Court's Orders prescribing such a procedure [ECF Nos. 16 & 48], and was likewise without waiver of additional arguments or rights under the applicable Federal or Local Rules.

**LEGAL ARGUMENT**

The Officer Defendants move for summary judgment on the following claims:

**Count 1 (Section 1983 Claim for Violation of Plaintiff's Free Speech Rights)**

- *Officers Pilkerton, Ulmer, & Cambpell*: Officers Pilkerton, Ulmer and Campbell are entitled to summary judgment because there is insufficient evidence in the record to

support Plaintiff's claims that they violated Ms. Smith's rights to free speech. These Officers merely assisted Officer Church in effectuating an arrest supported by probable cause and upon observing the Plaintiff: (a) outside of her vehicle in the middle of a travel lane; and (b) assaulting Officer Church. The subjective intent of these Officers in assisting in the arrest is wholly irrelevant to the inquiry of whether probable cause for the arrest is present in a given circumstance. *See Whren v. United States,* 517 U.S. 806, 812-813 (1996). Moreover, there is no evidence that these Officers were motiviated by seeing her film police activity. These Officers are entitled to qualified immunity because their "decision to assist in the arrest was objectively reasonable in light of the circumstances and existing law." *Carter v. Jess*, 179 F. Supp. 2d 534, 544 (D. Md. 2001). Qualified immunity is a complete bar from suit, the resolution of which is appropriate as an abstract issue of law at the earliest possible stage in litigation, even if Plaintiff contends that certain facts remain in dispute. *Brown*, 278 F.3d 362, 366 n.2 (4th Cir. 2002).

- *Officer Church*: Officer Church is likewise entitled to summary judgment because he had an objectively reasonable belief that he had probable cause to arrest Ms. Smith on at least one of the following grounds: (1) a parking violation; (2) impeding the free flow of traffic; (3) failing to produce identification on lawful demand; and/or (4) failing to obey a lawful order to return to her car and cease impeding the free flow of traffic. Probable cause to arrest for failure to obey a lawful order provides Officer Church with qualified immunity. *See, e.g., Brown v. Gilmore*, 278 F.3d 362 (4th Cir. 2002); *Williamson v. Grant*, Case No. CCB– 07– 1147, 2009 WL 1657446, *5-8 (D. Md. June 9, 2009); *Carter v.*

- 4 -

*Jess*, 179 F. Supp. 2d 534 (D. Md. 2001).  Plaintiff does not have a right to avoid arrest simply because she is contending that she was exercising her First Amendment rights.  *See Reichle v. Howards*, 132 S.Ct. 2088, 2094 (2012) ("Here, the right in question is not the general right to be free from retaliation for one's speech, but the more specific right to be free from a retaliatory arrest that is otherwise supported by probable cause. *This Court has never held that there is such a right*.") (emphasis added).

**Count 2 (Violation of Plaintiff's Free Speech Rights Guaranteed by Article 40)**

- *The Officer Defendants*: Maryland courts analyze state constitutional claims under the Maryland Declaration of Rights using the federal jurisprudence under the U.S. Constitution. *See Okwa v. Harper,* 360 Md. 161, 203-204 (2000).  Thus, a Maryland court analyzing Plaintiff's claim under Article 40 of the Maryland Declaration of Rights would look to federal cases interpreting the First Amendment to analyze analogous claims.  *Id.*  Plaintiff's Article 40 claim fails based upon the principles articulated above with respect to Count 1.

**Count 3 (Section 1983 Claim for Violation of Plaintiff's Plaintiff's Freedom from Unreasonable Search and Seizures)**

- As an initial matter, it is not clear which conduct constitutes the unconstitutional activity alleged in Count 3: (a) the arrest of Plaintiff, or (b) the alleged seizure of her cell phone.  To the extent Count 3 is based on the alleged seizure of Plaintiff's cell phone, this Court has already dismissed cell-phone related claims against Officers Pilkerton, Ulmer, and Campbell.  [ECF No. 15].  There is no record evidence to suggest that these

Officers seized Plaintiff's cell phone. To the extent Count 3 is based on an unreasonable seizure, it fails on that basis as well.

- Moreover, the Officer Defendants contend that Plaintiff's allegations of excessive force are not properly brought under Count 3. Rather, those allegations go to Plaintiff's proposed Count 12 (Section 1983 Claim for Excessive Force) and proposed Count 13 (Excessive Force in Violation of Articles 24 and 26). The following analysis proceeds under the interpretation that Count 3 alleges an unconstitutional arrest.

- *Officers Pilkerton, Ulmer, & Cambpell*: There is insufficient evidence in the record to support this claim against Officers Pilkerton, Ulmer and Campbell. These Officers merely assisted Officer Church in effectuating an arrest supported by probable cause and upon observing the Plaintiff assaulting Officer Church. They are entitled to qualified immunity because their "decision to assist in the arrest was objectively reasonable in light of the circumstances and existing law." *Carter v. Jess*, 179 F. Supp. 2d 534, 544 (D. Md. 2001).

- *Officer Church*: Officer Church is likewise entitled to summary judgment because he had an objectively reasonable belief that he had probable cause to arrest Ms. Smith on at least one of the following grounds: (1) a parking violation; (2) impeding the free flow of traffic; (3) failing to produce identification on lawful demand; and/or (4) failing to obey a lawful order to return to her car and cease impeding the free flow of traffic. Under the Fourth Amendment, a police officer may conduct a warrantless arrest if he "has probable cause to believe that a person committed *even a minor crime* in his presence." *Virginia v. Moore*, 128 S. Ct. 1598, 1604 (2012) (emphasis added); *see also*

Maryland Code Annotated, § 2-202 of the Criminal Procedure Article. Moreover, Probable cause to arrest for failure to obey a lawful order provides Officer Church with qualified immunity. *See, e.g., Brown v. Gilmore*, 278 F.3d 362 (4th Cir. 2002); *Carter v. Jess*, 179 F. Supp. 2d 534 (D. Md. 2001).

### Count 8 (Battery)[1]; Count 9 (False Arrest); Count 10 (False Imprisonment)

- *Officers Pilkerton, Ulmer, & Campbell*: There is insufficient evidence in the record to support Plaintiff's claims for alleged battery, false arrest and false imprisonment. The related torts of battery, false arrest, and false imprisonment "can only occur when there is no legal authority or justification for the arresting officer's actions." *Hines v. French*, 157 Md. App. 536, 551 (2004). These Officers merely assisted Officer Church in effectuating an arrest supported by probable cause and upon observing the Plaintiff assaulting Officer Church.

- *Officer Church*: The related torts of battery, false arrest, and false imprisonment "can only occur when there is no legal authority or justification for the arresting officer's actions." *Hines v. French*, 157 Md. App. 536, 551 (2004). Officer Church had an objectively reasonable belief that he had probable cause to arrest Ms. Smith on at least one of the following grounds: (1) a parking violation (2) impeding the free flow of traffic; (3) failing to produce identification on lawful demand; and/or (4) failing to obey a lawful order to return to her car and cease impeding the free flow of traffic.

---

[1] Plaintiff removed her battery claim against Officer Ulmer in the First Amended Complaint filed on October 9, 2014. [ECF No. 63].

**Count 11 (Intentional Infliction of Emotional Distress)**

- *The Officer Defendants*:  There is insufficient evidence in the record to support Plaintiff's claim that the Officer Defendants intended to or did cause her severe mental distress by extremely outrageous conduct.  To prevail on this claim Plaintiff must show, among other things, "that the defendant either desired to inflict severe emotional distress, knew that such distress was certain or substantially certain to result from the conduct, or acted recklessly in deliberate disregard of a high degree of probability that the emotional distress will follow."  *Foor v. Juvenile Se rvs. Admin.*, 78 Md. App. 151, 175 (1989).  This high standard of culpability "exists to screen out claims amounting to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities that simply must be endured as part of life."  *Batson v. Shiflett*, 325 Md. 684, 734 (1992).

**Count 12 (Section 1983 Claim for Excessive Force)**

- *Officers Pilkerton, Ulmer, & Campbell*:  There is insufficient evidence in the record to support Plaintiff's claims that these Officers used excessive force in assising in her arrest.  These Officers merely assisted Officer Church in placing Plaintiff—who was flailing at and assaulting Officer Church—into handcuffs.  Courts in this District have repeatedly held that routine handcuffing with minor affiliated injuries <u>does not</u> amount to excessive force.  *See Usiak v, Brown*, 2011 U.S. Dist. LEXIS 94308, *16-17 (D. Md. Aug. 23, 2011) (granting motion to dismiss claims for constitutional violations and excessive force based upon police officer's handcuffing of Plaintiff as result of Plaintiff' s failure to produce identification when required); *Swagler v. Sheridan*, 837 F. Supp. 2d 509, 534

(2011) (granting summary judgment on excessive force claim based upon police officers' restraint of Plaintiffs with tight handcuffs and pushing another Plaintiff to ground).

### Count 13 (Excessive Force in Violation of Articles 24 and 26)

- *Officers Pilkerton, Ulmer, & Campbell*: Plaintiff has produced no evidence that these Officers' conduct was improper under the reasonable officer standard. "The test for whether police officers have used excessive force [in violation of the Maryland Declaration of Rights] is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them." *Hines v. French*, 157 Md. App. 536, 575 (2004). Under this standard, reviewing courts observe that "not every push or shove, even if it may later seem unnecessary . . ." is serious enough to entail a deprivation of a constitutional right. *Graham v. Connor*, 490 U.S. 386, 396 (1989). "The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. . . . The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments— in circumstances that are tense, uncertain, and rapidly evolving— about the amount of force that is necessary in a particular situation." *Richardson v. McGriff*, 361 Md. 437, 452 (2000).

### CONCLUSION

Plaintiff maintains that her claims are viable because, based on her version of the events, "a jury *could* conclude" that a constitutional violation occurred. *See* [ECF No. 61-3 at 3]. That is not the appropriate standard for evaluating the Officer Defendants'

conduct. As the Supreme Court, Fourth Circuit, and this Court have held repeatedly, the proper standard is one of objective reasonableness viewed from the vantage point of a police officer under all the circumstances. *E.g., Graham v. Connor*, 490 U.S. 386, 397 (1989); *Brown*, 278 F.3d 362; *Williamson*, 2009 WL 1657446. The observations of the Fourth Circuit, made in the context of reversing the District Court's denial of the officer defendants' motion for summary judgment on qualified immunity grounds, are apt:

> We recognize that encounters such as this one come charged with emotion. The parties generally arrive at court with different versions of events, reflecting the different vantage points of those involved. Without minimizing the dignitary concerns of those arrested and without granting *carte blanche* to those making the arrest, the Supreme Court has mandated that we respect the objectively reasonable conduct of those charged with the duty of maintaining public peace. Judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight, the actions in this case pass constitutional muster. The officers here did not have the option of delaying decision in order to determine what a fact finder months or years later might make of the situation. They had to get traffic moving on the spot. They did so with a minimum of force, and they committed no constitutional infraction.

*Brown*, 278 F.3d at 370 (quotation omitted).

WHEREFORE, the Officer Defendants move for summary judgment on the following claims:

- <u>Officer Pilkerton</u>: Counts 1, 2, 3, 8, 9, 10, 11, 12, and 13;
- <u>Officer Ulmer</u>: Counts 1, 2, 3, 9, 10, 11, 12, and 13;
- <u>Officer Campbell</u>: Counts 1, 2, 3, 8, 9, 10, 11, 12, and 13;
- <u>Officer Church</u>: Counts 1, 2, 3, 8, 9, 10, and 11.

                                              Respectfully submitted,

      /s/
Thurman W. Zollicoffer, Jr. (Bar No. 23256)
Dennis M. Robinson, Jr. (Bar No. 27047)
Patrick D. McKevitt (Bar No. 30078)
Whiteford, Taylor & Preston L.L.P.
Seven Saint Paul Street – Suite 1300
Baltimore, Maryland 21202-1626
(410) 347-8700

*Attorneys for Defendants,*
*Officer Nathan Church,*
*Officer William Pilkerton, Jr.,*
*Officer Nathan Ulmer, and*
*Officer Kenneth Campbell*

## REQUEST FOR HEARING

Pursuant to Local Rule 105.6, the Officer Defendants request a hearing on their motion for summary judgment.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this **9th** day of **October, 2014**, a copy of the foregoing Motion was served on the following via the Court's EFC system:

James B. Astrachan
Christopher J. Lyon
Elizabeth A. Harlan
Astrachan Gunst Thomas, PC
217 East Redwood Street, Suite 2100
Baltimore, Maryland  21202
   Attorneys for Plaintiff

Lawrence S. Greenberg
Greenberg Law Office
6 East Biddle Street
Baltimore, Maryland  21202
   Attorneys for Plaintiff

Christopher R. Lundy
Assistant City Solicitor
Legal Affairs Division
100 N. Holliday Street, Room 101
Baltimore, Maryland  21202
   Attorneys for Defendants,
   Baltimore CityPolice Department and
   Commissioner Anthony W. Batts

/s/_____
Patrick D. McKevitt