

Writer's Direct Contact:
410.783.3528
eharlan@agtlawyers.com

Reply to Baltimore Office

217 east redwood street
21st floor
baltimore, maryland 21202
410.783.3550
410.783.3530 fax

washington, dc

www.agtlawyers.com

October 10, 2014

The Honorable Marvin J. Garbis
U.S. District Court for the District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

    Re:   *Makia Smith v. Baltimore City Police Department, et al.*
            Case No. 1:13-cv-1352 (MJG)

Dear Judge Garbis:

    Yesterday afternoon the Baltimore City Police Department ("BCPD") and Commissioner Anthony W. Batts filed a motion for summary judgment in the above-captioned matter. (ECF No. 65.)  The essence of their argument is that if the Court determines, as a matter of law, that none of the Officer Defendants inflicted a constitutional harm upon Ms. Smith, then the BCPD and Commissioner Batts are entitled to summary judgment as to the claims brought against them.  This motion was not invited by the Court's September 29, 2014 Order (ECF No. 59), and results in Plaintiff having to incur potentially unnecessary legal fees preparing a response.  Moreover, given the bifurcated nature of these proceedings, Plaintiff has not yet had an opportunity to conduct discovery directed specifically to the claims brought against the BCPD and Commissioner Batts.  Plaintiff respectfully requests that the Court stay the due date for any opposition to this motion for summary judgment pending further order of the Court, which order would issue, if at all, only after the Court has ruled upon the motions for summary judgment filed by the individual Officer Defendants. (ECF No. 64.)

    Additionally, the motion for summary judgment filed by the Officer Defendants (ECF No. 64) yesterday includes arguments asserted by Officer Nathan Church.  In light of the significant judicial resources already committed to these arguments, and in light of the Court's September 29, 2014 Order (ECF No. 59) in which Your Honor specifically allowed the Officer Defendants "other than Church" to file simplified motions for summary judgment, Plaintiff respectfully requests that she not be required to devote additional time and resources responding to these arguments.

The Honorable Marvin J. Garbis
October 10, 2014
Page 2 of 3

     By way of background, on September 15, 2014, the Officer Defendants filed a letter asserting, among other points, the basis of a motion for summary judgment they intended to file on behalf of Officer Church.  (ECF No. 54.)  A previously scheduled conference call was held the following day, during which the Court asked Plaintiff's counsel to submit, if possible, evidence demonstrating triable issues of fact with respect to certain allegedly "undisputed" facts underpinning Officer Church's arguments.  On September 24, 2014, Plaintiff's counsel filed a response setting forth deposition citations that raise triable issues of fact.  (ECF No. 56.)  Almost immediately thereafter, counsel for the Officer Defendants filed a response arguing their view of these issues.  (ECF No. 57.)  The following day, Plaintiff's counsel filed another letter explaining, among other things, that based on the evidence already provided to the Court, triable issues of fact exist as to whether Officer Church had probable cause to arrest Ms. Smith, and that even if probable cause had existed, several of the claims against the Officer Defendants, including Church would nevertheless remain at issue.  (ECF No. 58.)  A conference call was held on September 26 to discuss the potential motions for summary judgment.  Following that conference call, the Court issued its September 29, 2014 Order. (ECF No. 59.)  There, in light of the filings and arguments to date, the Court permitted the Officer Defendants "other than Church" to file "simplified motions for summary judgment" regarding those claims that Plaintiff indicated she would continue to pursue in this action.[1]

     In derogation of this Order, the Officer Defendants have moved for summary judgment as to seven counts asserted against Officer Church on the basis that he had probable cause to arrest Ms. Smith, as if none of the filings or conference calls referenced above and designed to streamline this process had taken place.  Plaintiff respectfully requests that she not be required to respond to the arguments raised by Officer Church and that the Court deny his motion for summary judgment.

                               Very truly yours,

                               */s/ Elizabeth A. Harlan*

                               Elizabeth A. Harlan

EAH/kjg

---

[1] It should be noted that Plaintiff is not pursuing Counts 8, 12 or 13 as to Officer Nathan Ulmer.  This information was communicated to counsel for Defendants on or about October 2, 2014.  It is unclear why Officer Ulmer has moved for summary judgment as to Counts 12 and 13.

Author, The Law of Advertising
LexisNexis
214553.001/117039

The Honorable Marvin J. Garbis
October 10, 2014
Page 3 of 3

cc:    Thurman W. Zollicoffer, Jr., Esq.
       Dennis M. Robinson, Esq.
       Patrick McKevitt, Esq.
       Christopher Lundy, Esq.

Author, The Law of Advertising
LexisNexis

214553.001/117039