# EXHIBIT I

General Order J-16, April 23, 2014



| General Order J-16 | | |
|---|---|---|
| Subject **VIDEO RECORDING OF POLICE ACTIVITY** | | |
| Distribution "A" | Date Published **23 April 2014** | Page 1 of 5 |

*By Order of the Police Commissioner*

## POLICY

The Baltimore Police Department (BPD) recognizes that members of the general public have:

1. A First Amendment right to video record, photograph, and/or audio record BPD members, while BPD Members are conducting official business or while acting in an official capacity in any public space, unless such recordings interfere with police activity;

2. A Fourth Amendment right to be free from unreasonable searches and seizures of both person and property; and

3. A Fourteenth Amendment right to due process in advance of property deprivation.

In furtherance of this policy, members may not prevent or prohibit any person's ability to peaceably observe or record police activity that occurs in public, or where the person recording otherwise has the right to be.

## REGULATIONS

1. Photographing and recording are common and lawful activities. Taking photographs or recording from a place where a person has a right to be does not constitute suspicious conduct.

2. In areas open to the public, members shall allow all persons the same access for photography and recording as is given to the news media. Members shall be aware that:

    2.1. All persons have the same right to take photographs or make recordings as news media, as long as the person has a legal right to be present where he or she is located.

    2.2. All persons have the right under the First Amendment to observe and record members in the public discharge of their duties.

    2.3. Public settings include, parks, sidewalks, streets, and locations of public protest; but that protection extends also to an individual's home or business, common areas of public and private facilities and buildings, and any other public or private facility at which the individual has a legal right to be present.

    2.4. A person may also record their own interaction with police officers. Just as bystanders have the right to record police activity, persons have a right to record their own actions with officers, who are exercising their police powers, without the need to obtain consent.

2.5. The fact that a person has a camera or other recording device does not, however, entitle the person to cross a police line, to enter an area that is closed to the public, or to enter any area designated as a crime scene.

3. As long as the photographing or recording takes place in a setting where the individual has a legal right to be present and does not interfere with a member's safety, members shall not inform or instruct people that photographing or recording police officers, police activity or individuals, who are the subject of police action (such as a Terry stop or an arrest), are not allowed; require a permit; or require that member's consent. Additionally, members shall not:

   3.1. Order that person to cease such activity;

   3.2. Demand that person's identification;

   3.3. Demand that the person state a reason why he or she is taking photographs or recording;

   3.4. Detain that person;

   3.5. Intentionally block or obstruct cameras or recording devices;

   3.6. Demand to review or erase any image or recording; or

   3.7. In any way threaten, intimidate or otherwise discourage an individual from recording a member's enforcement activities.

   **NOTE: Members may ask questions during the course of a contact, but members are reminded that there is no justification for ordering a person to stop or requiring that they answer unless the member reasonably suspects that a person has committed, is committing, or is about to commit any crime.**

4. Members are reminded that the public does not have a right to interfere with police activity. Interference consists of conduct, threats, actions or activities that prevent or hinder, or purport to prevent or hinder, members from doing their job.

   **NOTE: Observing or recording police activity, alone, does not constitute interference.**

   4.1. If a person is photographing or recording police activity from a position that impedes or interferes with the safety of members or their ability to perform their duties, a member may direct the person to move to a position that will not interfere. However, a member shall not order the person to stop photographing or recording.

   4.2. A person has the right to express criticism of the police activity being observed. So long as that expression does not jeopardize the safety of any member, suspect or bystander; and so long as that expression does not violate the law or incite others to violate the law, the expression does not constitute interference.

5. Evidence on a Camera or Recording Device; Probable Cause

   5.1. Members may not request or seize an individual's camera or recording device for the purpose of deleting, destroying, or otherwise concealing information, which they believe

       may portray individual BPD members or the BPD in a negative light. Concerns of this nature do not provide a basis to request or seize cameras or recording device.

5.2. Probable cause exists only where the known facts and circumstances are such that a reasonable member in the same situation would believe that evidence of a crime will be found.

5.3. If a member has probable cause to believe that a camera or recording device contains images or sounds that are evidence of criminal acts, the member shall request that the person either:

    5.3.1. Voluntarily provide the device or recording medium(e.g., the memory chip) to the member; or

    5.3.2. Where possible and practicable, and in the presence of the member, voluntarily transmit the image or sound, via text message or electronic mail, to the member's official government electronic mail account.

    5.3.3. Consent to take possession of a camera or recording device must be given voluntarily, without coercion or threats. A member shall not, implicitly or explicitly, coerce consent to take possession of any recording device or any information thereon.

5.4. **If the person voluntarily provides the camera or recording device** to the member, the member shall:

    5.4.1. Exercise due care and caution with any of the individual's property or electronic device(s);

    5.4.2. Complete a Form 93/56," Property Receipt," and provide the pink copy to the individual. Retain all other copies;

    5.4.3. Provide the individual with the name and contact information of the officer, who took custody of the individual's property;

    5.4.4. In the "Property Listing /Evidence Recovered" section of any applicable field report(s), list the item(s) surrendered by the individual and held/submitted as evidence.

    5.4.5. Document your request, and the individual's response, in the narrative of applicable field reports and /or charging documents.

    5.4.6. DO NOT make any attempt to view, download, or otherwise access any material contained on the device.

    5.4.7. **Protection of any potential evidence is paramount**. Only members of the Cyber and Electronic Crimes Unit may make efforts to access material contained on the device.

5.5. Members may not seize the recording or recording device, unless sufficient exigent circumstances exist to justify a warrantless seizure. Members must evaluate the sufficiency of exigent circumstances as they would for any other type of evidence.

5.6. **If the person declines to voluntarily provide the camera or recording device**, or to electronically transmit the sound and/or images where possible and practicable, and there is probable cause to believe that the evidence is in immediate jeopardy of being tampered with, altered, deleted, or destroyed, you may temporarily seize the device for safekeeping/preservation of the evidence while the appropriate application(s) for Search and seizure warrants(s) are made.

5.6.1. DO NOT make any attempt to view, download, or otherwise access any material contained on the device.

5.6.2. **Protection of any potential evidence is paramount.** Only members of the Cyber and Electronic Crimes Unit may make efforts to access material contained on the device.

5.6.3. Apply for, execute, and return any search and seizure warrant(s) in accordance with General Order J-7, "Search and Seizure Warrants."

5.6.4. Submit the recovered camera, video recording device, etc., in accordance with General Order N-1, "Control of Property and Evidence."

5.6.5. Complete all appropriate field reports.

6. Members shall not, under any circumstances, erase or delete, or instruct or require any other person to erase or delete any recording images or sounds from any camera or other recording device that is in the possession of a nonmember, or that has been voluntarily turned over or seized under the terms of this Order.

7. Members shall maintain cameras and other recording devices that are in Department's custody so that they can be returned to the owner intact with all images or recordings undisturbed.

## PERMANENT RANK SUPERVISORS/OIC

1. Ensure that any camera or video recording device that has been used to photograph and/or video record police activity comes into the custody of the BPD:

    1.1. Through the voluntary consent of the individual in possession of the item.

    1.2. Through execution of a search and seizure warrant.

    1.3. Through some valid exception to the warrant requirement.

2. Permanent Rank Supervisors must provide the review and approval of any application for search and seizure warrant as required by General Order J-7 "Search and Seizure Warrants."

## DUTY DETECTIVES, CYBER AND ELECTRONIC CRIMES UNIT

1. Provide guidance and assistance to members on those occasions when an Application for a search and seizure warrant is made for a camera, video recording device, etc., believe to contain evidence related to a criminal investigation.

1.1. Specific attention should be given to helping those members properly define or describe the various data formats and storage devices they may be seeking in their warrant application.

1.2. Make any appropriate recommendations that may assist in the preservation of date, photographs, video "clips," etc.

1.3. In the course of a criminal investigation, and/or at the request of a member of the Department, access and download evidentiary materials contained on a device in the member's custody.

**COMMUNICATION OF POLICY**

Supervisors shall be responsible for communications of this policy to their subordinates, and to ensure their compliance. Supervisors also must set the example for their subordinates by acting appropriately when observed or recorded in public and by disciplining the subordinate or advising the appropriate individual(s) in the Department with disciplinary authority about any subordinate's violation of this Policy. This order is effective on the date of publication, is to be read at all roll calls for five consecutive days and is to be posted on all Departmental Bulletin Boards.