**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(NORTHERN DIVISION)**

| | | |
|---|---|---|
| **MAKIA SMITH,** | * | |
| **Plaintiff** | * | |
| v. | * | CASE NO.:   1:13-cv-1352-MJG |
| **BALTIMORE CITY POLICE DEPARTMENT,** *et al.*, | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

Plaintiff, Makia Smith, through undersigned counsel respectfully submits this Reply in Support of her Motion for Protective Order. Defendants' Opposition (ECF No. 100) suggests that Plaintiff repeatedly ignored Court-imposed deadlines. This is not the case. The parties jointly approached the Court about extending various deadlines throughout this litigation, and in all but one instance—the extension from October 3 to October 17 to October 24, secured the Court's approval by written order. Moreover, Plaintiff never intended to designate an expert until Defendants had done so. She waited for Defendants to designate an expert, then designated a rebuttal expert. Thus, she did not miss any initial deadlines to designate an expert, in fact, for what it is worth, it was Defendants who missed their deadline to designate an expert more than once.

More importantly, the filing of the appeals does not justify Defendants' delay in seeking to depose Plaintiff's expert. Defendants could have easily noticed Mr. Petrocelli's deposition within 20 days of receipt of the October 24, 2014 expert witness designations, as the Court's

scheduling orders suggest. Instead, they chose to wait, and never explained to Plaintiff what they were waiting for. It was always clear that neither the summary judgment motion nor the appeal would end the case against Officer Church, as he did not move for summary judgment on all of the claims brought against him. In other words, it was inevitable that Officer Church was going to trial, unless the case settled. In light of that reality, there was no good reason to postpone Mr. Petrocelli's deposition beyond the summary judgment ruling or beyond resolution of the two appeals.

Moreover, it has been clear for some time that the Court did not intend to stay this trial pending the Defendants' appeals. In light of the circumstances of this action, there was no reason for Defendants to postpone Mr. Petrocelli's deposition until the Court denied Defendants' Motion to Stay. The Court told the parties during telephone conferences and at the December 5, 2014 motion for summary judgment hearing that the appeals were "frivolous." And it has been abundantly clear since the Fourth Circuit's February 4, 2015 order dismissing the appeal for lack of jurisdiction (ECF No. 85) that Officer Church's entire case was going to trial. The deposition could have been and should have been noticed before March 9.

Finally, the email from Plaintiff's counsel to defense counsel regarding Mr. Petrocelli's unavailability on March 9 was not intended to suggest that Plaintiff agrees to the taking of his deposition on an alternative date or that Plaintiff was waiving her previous arguments. Instead, without knowing at that point when the Court would hold a hearing or provide a ruling, the email was intended to convey information to defense counsel in a timely manner that Mr. Petrocelli would not be appearing on Monday, March 9 so that no court reporters were scheduled, and to generally provide a professional courtesy to defense counsel.

As the Court is well aware, the two firms representing Plaintiff are small offices with

several cases pending in state and federal court.  Additionally, as the Court knows, Mr. Greenberg is leaving the country on March 12 and will not return until March 23.  It is indeed burdensome to ask Plaintiff's counsel to prepare Mr. Petrocelli and defend the deposition next week in light of the amount of other work required to prepare for trial, much less the work required for other matters.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Protective Order should be granted.

Respectfully submitted,

**ASTRACHAN GUNST THOMAS, P.C.**

Dated:  March 5, 2015        By:   */s/ Elizabeth A. Harlan*
    James B. Astrachan, #03566
    Christopher J. Lyon, #27443
    Elizabeth A. Harlan, #18285
    217 East Redwood Street, Ste. 2100
    Baltimore, MD  21202
    Telephone: 410.783.3550
    Facsimile:  410.783.3530
    jastrachan@agtlawyers.com
    clyon@agtlawyers.com
    eharlan@agtlawyers.com

**GREENBERG LAW OFFICES**

    Lawrence S. Greenberg, #23642
    6 E. Biddle Street
    Baltimore, MD  21202
    Telephone: 410.539.5250
    Facsimile: 410.625.7891
    larry@greenberglawyers.com

*Attorneys for Plaintiff*