```
             IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MARYLAND

MAKIA SMITH                    *

          Plaintiff            *

     vs.                       *   CIVIL ACTION NO. MJG-13-1352

BALTIMORE CITY POLICE          *
DEPARTMENT et al.
                               *
          Defendants
*    *    *    *    *    *    *    *    *    *
```

ORDER RE: PROTECTIVE ORDER

The Court has before it Plaintiff's Motion for Protective Order [Document 97] and the materials submitted relating thereto. The Court finds no need for a hearing.

Without objection as to timing, Plaintiff provided Defendants with Rule 26(a)(2) disclosures and the report of Joseph Petrocelli together with a letter stating that the witness was generally available for a deposition in November and requesting that the deposition be set at a mutually convenient time. [Document 97-1] at 1-2.

Defendants did not respond to the letter and did not arrange for a deposition of Mr. Petrocelli. Rather, Defendants filed the first of two frivolous interlocutory appeals for, the Court finds, the sole purpose of delaying the trial of this case and requiring Plaintiff's counsel to devote needless professional time to these baseless proceedings. Defendants are

not, by any means, going to be permitted to excuse their inaction upon the pendency of these unjustified appeals.

The Second Amended Scheduling Order Re: Non-<u>Monell</u> Claims [Document 48] stated:

> By July 15, Plaintiff shall:
>
> a.   Provide the identity of all expert witnesses,
>
> b.   Provide Rule 26(a)(2) information.
>
> c.   Provide dates within 20 days on which each expert is available for deposition so that depositions can be taken.

The July 15 date was extended, ultimately to October 3. Plaintiff complied late on October 24, but Defendants presented no objection. The Court does find it reasonable for Defendants to have assumed that they could take the deposition of Plaintiff's proffered expert witness at any time prior to trial. Indeed, if Defendants needed clarification or wished to defer the deposition until a later date, they could have so requested.

In regard to Mr. Petrocelli, his report sets forth opinions, labelled "findings," that he will seek to offer:

> 1) The actions of Police Officers Nathan Church, William Pilkerton and Nathan Ulmer were dangerous in a manner that created a dangerous condition for Gisele Smith-Horton.
>
> 2) Police Officer Nathan Church failed to conduct a proper motor vehicle stop of Ms. Smith's vehicle. This failure violated the standard of care for conducting a proper motor vehicle stop by a police officer.
>
> 3) Police Officers Nathan Church, William Pilkerton and Nathan Ulmer failed to implement the proper safety measures required for Gisele Smith-Horton. This failure violated the standard of care for a police officer and created a dangerous condition for Gisele Smith-Horton.
>
> 4) Had Police Officer Nathan Church conducted a proper motor vehicle stop, this incident would not have occurred.
>
> 5) Had Police Officers Nathan Church, William Pilkerton and Nathan Ulmer implemented proper safety measures for Gisele Smith-Horton, she would not have been placed in a dangerous condition.

The Court must observe that the admissibility of these opinions is not obvious,[1] particularly in light of the summary

---

[1] Findings 1, 3 and 5 relate to the safety of Gisele Smith-Horton, a matter that may not be relevant to the claims being tried. Finding 2 is that Officer Church failed to conduct a proper motor vehicle stop. However, Plaintiff's claim is based on her – not Officer Church – having stopped the car and her leaving the car to take the video in question. Finding 4 does

judgment rulings.  The Court will not permit Defendants to take the deposition of Mr. Petrocelli.  However, in view of the March 9 deadline for filing motions in limine, Plaintiff must state, by 3:00 PM on Friday, March 6, which of these "findings" will be offered in evidence with a succinct statement of the purported relevance of the opinion.

If Defendants file a timely motion in limine regarding these opinions, the Court may require Mr. Petrocelli to testify in a Daubert hearing prior to testifying before the jury

Accordingly:

1. Plaintiff's Motion for Protective Order [Document 97] is GRANTED.

2. Defendants may not take a deposition of Mr. Joseph Petrocelli.

3. Plaintiff must file, by 3:00 PM on Friday, March 6, a document stating which of these "findings" will be offered in evidence with a succinct statement of the purported relevance of the opinion.

4. If Defendants file a timely motion in limine regarding any such findings, Plaintiff shall file a response by Thursday, March 19 and the Court shall, by further Order, specify any further proceedings necessary to resolve the issues presented.

SO ORDERED, on Wednesday, March 04, 2015.

_____/s/_____
Marvin J. Garbis
United States District Judge

---

not seem to relate to anything that occurred before Plaintiff took the video and was encountered by Officer Church.