

Writer's Direct Contact:
410.783.3528
eharlan@agtlawyers.com

Reply to Baltimore Office

217 east redwood street
21st floor
baltimore, maryland 21202
410.783.3550
410.783.3530 fax

washington, dc

www.agtlawyers.com

March 6, 2015

**VIA ECF**
The Honorable Marvin J. Garbis
U.S. District Court for the District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

      Re:    *Makia Smith v. Baltimore City Police Department, et al.*
               Civil Case No.: 1:13-cv-1352 (MJG)

Dear Judge Garbis:

By order dated March 5, 2015, the Court requested that Plaintiff identify which "findings" listed at the end of Mr. Petrocelli's expert witness report Plaintiff intends to offer at trial. Plaintiff intends to offer Mr. Petrocelli's opinions supporting "finding" #2. Additionally, Plaintiff would like Mr. Petrocelli to be able to offer his opinion that Officer Church, in keeping with his responsibilities as a police officer, should have ensured the safety of Plaintiff's daughter, but chose not to.

Defendants' expert, Mr. Stanford Franklin, will opine that Officer Church had probable cause to conduct a traffic stop and arrest Plaintiff, and that he did so in an acceptable manner. In rebuttal, Plaintiff identified Mr. Petrocelli. Mr. Petrocelli concludes that Officer Church "did not have reasonable suspicion to conduct a motor vehicle stop" and that even if this had been a standard traffic stop supported by probable cause, it was not conducted in accordance with police protocol. (Petrocelli Report at p. 7-8.) Mr. Petrocelli's opinion underlying "finding" #2 encompasses both of these points.[1]

Officer Church's lack of probable cause to stop or arrest Makia Smith is relevant to Counts I, II, III, IX and X because Officer Church's defense to each of these claims has consistently been that he had probable cause to arrest Plaintiff. Plaintiff, however, has consistently argued that her arrest was unlawful because Officer Church lacked probable cause. It is Plaintiff's position that the "traffic stop" Officer Church relies on in his defense is

---

[1] Mr. Petrocelli is not an attorney and the "findings" at the end of his report are not written in a manner that fully encompasses the legal concepts he conveys in the report as a whole.

Author, The Law of Advertising
LexisNexis

21453.001/120171

Honorable Marvin J. Garbis
March 6, 2015
Page 2 of 2



pretextual. The motivating factor for his conduct was to stop Plaintiff from lawfully recording police activity. Mr. Petrocelli's opinions support Plaintiff's position. Additionally, with respect to Counts VIII, XII and XIII, Mr. Petrocelli's opinion is relevant to the first prong of the excessive force analysis ("the severity of the crime at issue") because he will explain that Plaintiff was not violating any traffic laws or disobeying lawful orders at the time Officers Church and Campbell exerted force upon her.

The second opinion Mr. Petrocelli seeks to offer at trial is that Officer Church should have, in keeping with his duties as a police officer, ensured Plaintiff's daughter's safety when Plaintiff was arrested and taken away from the scene. As Mr. Petrocelli explains in his report, in accordance with Officer Church's responsibilities as a police officer, he could have ensured the little girl's safety in any number of ways, including by allowing Plaintiff to call her mother to come pick her up, or by calling Plaintiff's mother himself. (Petrocelli Report, at 9.) Officer Church refused Plaintiff's requests for these options and instead threatened to call Child Protective Services to come take the little girl away. Plaintiff will argue that this decision constituted retaliatory conduct under Counts I and II and also greatly increased the emotional pain and mental anguish Plaintiff suffered as a result of her unlawful arrest (Counts III and V). *Carey v. Piphus,* 435 U.S. 247, 254-55 (1978) (compensatory damages under Section 1983 claims include emotional pain and mental anguish caused by defendant's unlawful conduct); *Price v. City of Charlotte,* 93 F.3d 1241, 1245 (4th Cir. 1996), *cert. denied,* 520 U.S. 1116 (1997) (same); *Franklin v. Montgomery County, Md.,* 2006 WL 2632298, * 17; Civil Action No. DKC 2005-0489 (D. Md. Sept. 13, 2006) (violations of the Maryland Declaration of Rights are analyzed in the same manner as Section 1983 claims). Similarly, for Counts IX and X, the false arrest and false imprisonment claims, Mr. Petrocelli's opinion will assist the jury in deciding whether Officer Church acted with actual malice when arresting Plaintiff, thereby entitling Plaintiff to punitive damages. *Montgomery Ward v. Wilson,* 339 Md. 701, 730-731 (1995). Specifically, his opinion helps the jury understand that a reasonable officer conducting a proper traffic stop would have opted to assure Plaintiff that her daughter would by okay, but instead Officer Church did just the opposite, refusing Plaintiff's reasonable requests and taunting her with the threat of have Child Protective Services take custody of her daughter.

If the Court requires any additional information, Plaintiff will readily comply.

                              Very truly yours,

                              *Elizabeth Harlan*

                              Elizabeth Harlan

EAH/kjg

cc:     Warren N. Weaver, Esq. *(via ECF)*
        Patrick D. McKevitt, Esq. *(via ECF)*
        Christopher R. Lundy, Esq. *(via ECF)*