# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# (NORTHERN DIVISION)

| | | |
|---|---|---|
| MAKIA SMITH, | * | |
| Plaintiff | * | |
| v. | * | CASE NO.: 1:13-cv-1352-MJG |
| BALTIMORE CITY POLICE DEPARTMENT, *et al.*, | * | |
| | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFF'S MOTION IN LIMINE
## TO EXCLUDE IRRELEVANT AND OVERLY PREJUDICIAL EVIDENCE

Plaintiff hereby moves pursuant to Federal Rules of Evidence 103(d), 402, 403, and 404(b), for an order excluding from the jury's consideration all evidence or discussion of (1) Plaintiff's prior arrests; and (2) evidence of Plaintiff's visit to Social Services on March 8, 2012. Such evidence is irrelevant to the issues before the Court and its probative value is substantially outweighed by the potential prejudice to Plaintiff.

## ARGUMENT

### I.  Plaintiff's Prior Arrests are Irrelevant

"Evidence of prior bad acts is admissible if the evidence is (1) relevant to an issue other than character, (2) necessary in the sense that it is probative of an essential claim, (3) reliable, and (4) the potential for prejudice does not substantially outweigh the probative value of the evidence." *Fairshter v. American Nat'l Red Cross,* 322 F. Supp. 2d 646, 656-57 (E.D.Va. 2004) (citing *United States v. Queen,* 132 F.3d 991, 994-95 (4th Cir. 1997)).

Evidence of Plaintiff's prior arrests is not relevant to any issue before the Court, is not

probative of an essential claim, and its potential for prejudice here substantially outweighs any probative value it may have. The charges stemming from Plaintiff's first arrest, which took place in 2005, nearly ten years ago, and was for second degree assault, were dismissed without prosecution. The State entered a *nolle prosequi* for the charges associated with her next two arrests, one in 2006 for fleeing and alluding, and another in 2010 for second degree assault. And an Order of Probation Before Judgment was entered for her arrest in 2014 for driving a vehicle on the highway with a suspended registration. There have been no convictions.

Rule 404(b)(2) notes that evidence of crimes, wrongs, or other acts can be admissible for a purpose other than proof of character. However, these admissible purposes include "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident," none of which applies to this civil action. Any attempt to offer evidence of prior arrests here would be solely to convince the jury that Plaintiff acted in conformity with a certain character trait, which is not admissible. Fed. R. Evid. 404(b).

## II. Evidence of Prior Arrests is Unfairly Prejudicial

Even if evidence is both relevant and probative, it may be excluded from trial "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The Advisory Committee's note to Rule 403 states that "unfair prejudice" means "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."

In the present case, even if evidence of Plaintiff's prior arrest record were relevant and probative, which it is not, the risk of unfair prejudice substantially outweighs the probative value of that evidence. If allowed to present evidence of Plaintiff's prior arrests, Defendants will

suggest to the jury that Plaintiff is a confrontational person with a history of police encounters, and thus encourage the jury to side with the Defendants based on emotion rather than on the facts of this case.

### III. Plaintiff's Visit to Social Services is Irrelevant

During Plaintiff's deposition, defense counsel asked her where she had been on March 8, 2012, just prior to the incident in the 2800 block of Harford Road. Plaintiff explained that she had gone to Wendy's with her daughter. Counsel then asked where Plaintiff had been before to going Wendy's and Plaintiff said that she had been at Social Services on North Avenue trying to secure day care for her daughter. Plaintiff's location prior to the incident in question is irrelevant to this action because it does not have a "tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401(a).

### IV. Evidence of Plaintiff's Visit to Social Services is Unfairly Prejudicial

Plaintiff anticipates that defense counsel will ask her, in front of the jury, where she had been on March 8, 2012, before the incident on Harford Road. While Plaintiff is willing to tell the jury that she had just gone to Wendy's, she should not be forced to explain that she had visited Social Services. A question about her visit to Social Services is unfairly prejudicial because it could color the jury's impression of Plaintiff has someone who needs or has sought out assistance from Social Services. Because some jurors may have a bias against Social Services and the benefits it provides, the information could be unfairly prejudicial, especially in light of its irrelevance to the action.

### CONCLUSION

For the foregoing reasons, this motion in limine should be granted and Defendants should not be permitted to mention Plaintiff's prior arrests to the jury or the fact that she visited Social

Services before the incident in the 2800 block of Harford Road took place.

                Respectfully submitted,

                **ASTRACHAN GUNST THOMAS, P.C.**

Dated: March 9, 2015      By:  */s/ Elizabeth A. Harlan*
                James B. Astrachan, #03566
                Christopher J. Lyon, #27443
                Elizabeth A. Harlan, #18285
                217 East Redwood Street, Ste. 2100
                Baltimore, MD  21202
                Telephone: 410.783.3550
                Facsimile:  410.783.3530
                jastrachan@agtlawyers.com
                clyon@agtlawyers.com
                eharlan@agtlawyers.com

                **GREENBERG LAW OFFICES**

                Lawrence S. Greenberg, #23642
                6 E. Biddle Street
                Baltimore, MD  21202
                Telephone: 410.539.5250
                Facsimile: 410.625.7891
                larry@greenberglawyers.com

                *Attorneys for Plaintiff*