IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | |
|---|---|
| MAKIA SMITH,<br><br>            Plaintiff,<br><br>v.<br><br>BALTIMORE CITY POLICE<br>DEPARTMENT, *et al.*,<br><br>            Defendants. | Civil Action No:        1:13-CV-1352 |

PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

    Plaintiff, Makia Smith, by her undersigned attorneys, hereby submit the following Proposed Jury Instructions:

**I. INTRODUCTION**

1.    MFJI ¶ 71-1   (Juror Attentiveness)
2.    MFJI ¶ 71-2   (Role of the Court)
3.    MFJI ¶ 71-3   (Role of the Jury)
4.    MFJI ¶ 71-4   (Juror Oath)
5.    MFJI ¶ 71-6   (Conduct of Counsel)
6.    MFJI ¶ 71-9   (Race, Religion, National Original, Sex or Age)
7.    MFJI ¶ 71-10 (Sympathy)
8.    MFJI ¶¶ 71-12 through 71-14 (Publicity)
9.    MFJI ¶ 71-15 (Contact with Others)
10.  MFJI ¶ 71-16 (Note-Taking by Jury)
11.  MFJI ¶ 73-1   (Burden of Proof – General Instruction)
12.  MFJI ¶ 73-2   (Preponderance of the Evidence)
13.  MFJI ¶ 73-3   (Clear and Convincing Evidence)
14.  MFJI ¶ 74-1   (What Is and Is Not Evidence)
15.  MFJI ¶ 74-2   (Direct and Circumstantial Evidence)
16.  MFJI ¶ 74-4   (Stipulation of Facts)
17.  MFJI ¶ 74-13 (Interrogatories)
18.  MFJI ¶ 74-14 (Depositions)
19.  MFJI ¶ 75-1   (Inference Defined)
20.  MFJI ¶ 75-2   (Effect of Inference on Burden of Proof)
21.  MFJI ¶ 76-1   (Witness Credibility)

22.  **Plaintiffs' Special Instruction** (Testimony of Police Officers)

      The testimony of a police officer is entitled to no special or exclusive sanctity. A police officer who takes the witness stand subjects his testimony to the same examination and the same tests that any other witness does, and in the case of police officers, you should not believe them merely because they are police officers. You should recall their demeanor on the stand, their manner of testifying, the substance of their testimony, and weigh and balance it just as carefully as you would the testimony of any other witness. People employed by the government, including policemen, do not stand in any higher station in the community than other persons, and their testimony is not entitled to any greater weight. You will give the testimony of each witness such weight, if any, that you may think it deserves.

**Sources**: *Roberts v. Hollocher*, 664 F.2d 200 (8th Cir. 1981); *Darbin v. Nourse*, 664 F.2d 1108 (9th Cir. 1981).

23. MFJI ¶ 76-2   (Bias)
24. MFJI ¶ 76-3   (Interest in Outcome)
25. MFJI ¶ 76-4   (Discrepancies in Testimony)
26. MFJI ¶ 76-5   (Impeachment by Prior Inconsistent Statement)
27. MFJI ¶ 76-9   (Expert Witnesses – Generally)
28. MFJI ¶ 76-10  (Conflicting Expert Testimony)
29. MFJI ¶ 78-1   (Right to See Exhibits and Hear Testimony; Communications with Court)
30. MFJI ¶ 78-3   (Duty to Deliberate/Unanimous Verdict)
31. MFJI ¶ 78-5   (Selection of Foreperson)
32. MFJI ¶ 78-6   (Return of Verdict)
                 Verdict forms -- MFJI ¶ 78-7 (General Verdict Form); 78-8 (General Verdict Accompanied by Answers to Interrogatories); 78-9 (Special Verdict)

## II. LIABILITY

33. MPJI-Cv 15:6 a, b, c, & e (False imprisonment and arrest – definitions)

34. **Plaintiffs' Non-Pattern Jury Instruction** (Probable Cause to Arrest)

      In order for the Defendants to have acted lawfully, they must have had probable cause to arrest the Plaintiffs at the time that they did in fact arrest them. Probable cause exists where the facts and circumstances would lead a reasonably cautious person to believe that a felony had been or is being committed by the person arrested. Based on the evidence presented at trial, you must determine whether the police had probable cause to believe that a crime had been committed and that the Plaintiffs committed it. If you find that at the time the Plaintiffs were arrested that the police did not have probable cause, then the Defendants violated the Plaintiffs' civil rights.

**Sources:** *Longshore v. State*, 399 Md. 386, 529 n.11, 924 A.2d 1129, 1154 (2007); *Murray v. State*, 236 Md. 375, 378, 203 A.2d 908, 910 (1964) ("probable cause exists when the facts and circumstances within the knowledge of the officer, or of which he had reasonably trustworthy information, are sufficient to warrant a reasonably cautious man believing that a felony had been committed."); *Young v. State*, 234 Md. 125, 129, 198 A. 2d 91 (1964).

35. MPJI-Cv 15:7c (False imprisonment and arrest – detention for investigation)

      MPJI-Cv 15:9 (1), (2) (False imprisonment and arrest – arrest without a warrant – police officer)

36.    MFJI ¶ 87-95  (First Amendment Retaliation - Elements of the Plaintiff's Claim)

37.    **Plaintiffs' Special Jury Instruction**  (No Arrest Because of Verbal Opposition or Challenge to Police Action)

    An individual may not be arrested because he or she expressed verbal opposition or challenge to police action.  "The Constitution does not allow such speech to be made a crime. The freedom of individuals verbally to oppose or challenge police action without thereby risking arrest is one of the principal characteristics by which we distinguish a free nation from a police state."

**Source:** *Houston v. Hill*, 482 U.S. 451, 462 (1987).

38.    **Plaintiffs' Special Instruction**  (Maryland Declaration of Rights – Article 26 of Md. Declaration of Rights)

    Article 26 of the Maryland Declaration of Rights provides the Plaintiffs with the right not to be restrained by the police, even for a short period of time, without reasonably articulated suspicion that a crime is being committed by the Plaintiffs.  If you find that the Plaintiffs were physically restrained by the officers without a reasonable suspicion that a crime had been committed, then their rights under Article 26 were violated.

    **Sources:** *Padilla v. State*, 180 Md. App. 210, 232 (2008) ("Article 26 is read *in pari materia* with the Fourth Amendment."); *Whren v. United States*, 517 U.S. 806, 809-10, 116 S. Ct. 1769, 135 L. Ed. 2d 89 (1996) (the "[t]emporary detention of individuals…by the police, even if only for a brief period and for a limited purpose, constitutes a 'seizure' of 'persons' within the meaning of [the Fourth Amendment]."); *Clea v. Baltimore*, 312 Md. 662, 684 n. 8, 541 A.2d 1303, 1313 (1988) ("An unlawful warrantless arrest is, of course, a violation of Article 26 of the Declaration of Rights."); *Mulcahy v. State*, 221 Md. 413, 421, 158 A.2d 80 (1960); *see Gilmore v. State*, 263 Md. 268, 275-276, 283 A.2d 371 (1971), vacated on other grounds, 408 U.S. 940, 92 S.Ct. 2876, 33 L.Ed.2d 763 (1972); *De Angelo v. State*, 199 Md. 48, 51, 85 A.2d 468 (1952); *Callahan v. State*, 163 Md. 298, 301, 162 A. 856 (1932).

39.    MFJI ¶ 87-96  (First Element – The Plaintiff's Acts of Speech or Expression – Factual Finding)
40.    MFJI ¶ 87-97  (Second Element – Defendant's Adverse Actions)
41.    MFJI ¶ 87-98  (Third Element – The Plaintiff's Acts of Speech were a Motivating Factor in the Defendant's Adverse Action)
42.    MFJI, § 87-74A; DiPino v. Davis, 354 Md. 18, 32 (1999) (citations and quotation marks omitted).
43.    MFJI ¶ 87-65  ([§ 1983] The Statute)
44.    MFJI ¶ 87-66  (Purpose of the Statute)
44.    MFJI ¶ 87-67  (Plaintiff's Burden of Proof)
45.    MFJI ¶ 87-68  (Essential Elements of a Section 1983 Claim)
46.    MFJI ¶ 87-69  (First Element – Action Under Color of State Law: Definition)
47.    MFJI ¶ 87-70  (State Official Acting Under Color of State Law as a Matter

of Law)
48.   MFJI ¶ 87-74  (Second Element – Deprivation of Right: General Instruction)
49.   MFJI ¶ 87-74A (Unlawful Arrest)

50.   **Plaintiffs' Special Instruction**   (Maryland Declaration of Rights – Article 24 of Md. Declaration of Rights)

Article 24 of the Maryland Declaration of Rights protects the Plaintiffs from being arrested or detained without probable cause to believe they had committed a crime.  If you find that the Plaintiffs were arrested or detained without probable cause, then their constitutional rights were violated under Article 24.

Article 24 of the Maryland Declaration of Rights also protects the Plaintiffs from being summarily punished by police officers.  If you find that excessive force was used in arresting the Plaintiffs or during their detention, then their constitutional rights were violated under Article 24.

**Sources:**  Maryland Rule 4-212; Cts. & Jud. Pro. Art. §10-912; *Attorney Grievance Comm. v. Reamer,* 281 Md. 323, 333, 379 A.2d 171 (1977); *Lomax v. Comptroller of the Treasury,* 88 Md. App. 50, 57, 591 A.2d 1311 (1991); *Vavasori v. Commission on Human Relations,* 65 Md. App. 237, 245, 500 A.2d 307 (1985).

51.   MFJI ¶ 87-74B (Unlawful Search)
52.   MFJI ¶ 87-74C (Excessive Force)

53.   **Plaintiffs' Non-Pattern Jury Instruction** (Excessive Force)

The use of excessive force by police officers is unconstitutional.  If you find that the officers used more force than was objectively reasonable under the circumstances, then they used excessive force under Article 26 of the Maryland Declaration of Rights.  If the arrest was not lawful, *the officer was not entitled to use any force at all.*

**Sources:** *French v. Hines*, 182 Md. App. 201, 266 (Md. Ct. Spec. App. 2008) (defining "excessive force" as "force greater than is reasonably necessary under the circumstances"); *Polk v. State*, 378 Md. 1, 42 (2003) (reiterating that "one illegally arrested may use any reasonable means to effect his escape, even to the extent of using such force as is reasonably necessary"); *Graham v. Connor*, 490 U.S. 386, 397 (1989); *Randall v. Peaco,* 175 Md. App. 320, 330 (2007); *Hines v. French*, 157 Md. App. 536, 574-75 (2004); *Branch v. McGeeney,* 123 Md. App. 330, 338 (1998); *Williams v. Prince George's County*, 112 Md. App. 526, 547 (1996); *see also Richardson v. McGriff*, 361 Md. 437, 452 (2000).

54.   **Plaintiffs' Non Pattern Jury Instruction**  (Right to Resist Arrest)

In Maryland, we have "the right to resist" an unlawful arrest by police officers. "A person illegally arrested by a police officer may use any reasonable means to effect [her] escape to the extent of using such force as is reasonably necessary under the circumstances."

**Sources:**  *Halcomb v. State*, 6 Md. App. 32, 41, 250 A.2d 119, 124 (1969); *Sugarman v. State*, 173 Md. 52, 57, 195 A.2d 324, 326 (1937); *In re Albert S.*, 106 Md. App. 376, 399, 664 A.2d 476, 487 (1995).

55. MFJI ¶ 87-75  (State of Mind- General)
56. MFJI ¶ 87-76  (State of Mind – Intentional)
57. MFJI ¶ 87-79  (Third Element – Causation: Proximate Cause - Generally)
58. MFJI ¶ 87-79A (Short Form Section 1983 Instruction (Excessive Force)) (omit "corrections officer" and substitute "police officer")
59. MFJI ¶ 87-80  (Supervisory Officials)
60. MFJI ¶ 87-81  (Municipalities – General Instruction)
61. MFJI ¶ 87-83  (Municipalities – Practice and Custom)

**III. Damages:**

62. MFJI ¶ 77-2   (Multiple Claims – Multiple Defendants)

63. **Plaintiffs' Non-Pattern Jury Instruction**  (Causation, Multiple Causes)

Many factors or things, or the conduct of two or more persons, may operate at the same time, either independently or together, to cause injury or damage.  In such a case, each person's actions may be a proximate cause of the injury and each person may be held responsible for the entire injury.

**Source**: *Harris v. City of Roseburg*, 664 F.2d 1121 (9th Cir.1981).

64. **Plaintiffs' Non-Pattern Jury Instruction**  (Damages, Constitute Remedy For Invasion Of Rights)

Damages are regarded as the ordinary remedy for an invasion of personal interests in liberty.  This means that you can award damages for the loss of liberty suffered by the Plaintiffs if you find that they were wrongfully detained.

**Sources**: *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 395, 91 S.Ct. 1999, 2004, 29 L.Ed.2d 619 (1971); *Nixon v. Condon*, 286 U.S. 73, 52 S.Ct. 484, 76 L.Ed. 984 (1932); *Nixon v. Herndon*, 273 U.S. 536, 540, 47 S.Ct. 446, 446, 71 L.Ed. 759 (1927).

65. **Plaintiffs' Non-Pattern Jury Instruction**  (Damages, Categories Of, Non-Economic)

If you return a verdict that Defendants violated the constitutional rights of the Plaintiffs, you should award them a sum that will compensate reasonably for (1) any pain, suffering and mental anguish already suffered and proximately resulting from the incidents in question, and (2) for any pain, suffering and mental anguish which you find from the evidence in the case that is reasonably certain to be suffered in the future from the same cause.  This is in addition to any economic damages such as medical bills or lost wages.

**Source**: Devitt, Blackmar, Wolff & O'Malley, *Federal Jury Practice and Instructions, 4th,* § 85.02.

66. MFJI ¶ 77-3   (Compensatory Damages)
67. MFJI ¶ 87-87  (Compensatory Damages [§1983-specific])
68. MFJI ¶ 87-89  (Causation of Damages [§ 1983-specific])

69. MFJI ¶ 87-90  (Mitigation of Damages [§ 1983-specific])
70. MFJI ¶ 87-91  (Double Recovery and Compensatory Damages)
71. MFJI ¶ 77-5   (Punitive Damages)
72. MFJI ¶ 77-6   (Nominal Damages)

Date:   March 9, 2015                Respectfully submitted,

/s/ *Lawrence S. Greenberg*
Lawrence S. Greenberg, Bar No. 23642
Greenberg Law Office
6 E. Biddle Street
Baltimore, Maryland 21202
Telephone: 410.539.5250
Facsimile: 410.625.7891
larry@greenberglawyers.com


James B. Astrachan
Christopher J. Lyon
Elizabeth A. Harlan
Astrachan Gunst Thomas, P.C.
217 East Redwood Street, Suite 2100
Baltimore, Maryland 21202
Telephone:  410.783.3550
Facsimile:  410.783.3530
jastrachan@agtlawyers.com
clyon@agtlawyers.com
eharlan@agtlawyers.com

Attorneys for Plaintiff