IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | |
|---|---|
| MAKIA SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>BALTIMORE CITY POLICE<br>DEPARTMENT, *et al.*,<br><br>    Defendants. | Civil Action No:    1:13-CV-1352 |

PLAINTIFF'S PROPOSED VOIR DIRE

Come now Plaintiffs, by and through counsel, and hereby respectfully requests the following *voir dire* of the panel of proposed jurors in this matter, stating as follows:

**Introductory Statement**

Makia Smith brought this action against Officers Nathan Church and Kenneth Campbell of the Baltimore City Police Department because she alleges that the officers failed to follow the rules created by the Baltimore City Police Department and violated her constitutional rights as secured by the United States Constitution, the Maryland Constitution and Maryland common law. Ms. Smith alleges that on March 8, 2012, she was driving her daughter home when she saw police officers forcibly arresting a young boy on the side of Harford Road. Since traffic was completely stopped on Harford Road due to the police activity, Ms. Smith stepped out of her car to film what she believed was inappropriate police officers activity towards the young boy. When Officer Church saw her filming, he ran towards her and retaliated against her by taking her cell phone and destroying it, used excessive force when he pulled her from her car and beat her, illegally arrested her, and threatened to have Ms. Smith's two-year old daughter taken away by Child Protective Services. Ms. Smith alleges that Officer Campbell assisted Officer Church

with her arrest, and also used excessive force while doing so. Ms. Smith alleges she was falsely charged with crimes that were ultimately dismissed.

Officer Church, in his defense, alleges that Ms. Smith disobeyed his lawful orders to move her car, denies taking Ms. Smith's cell phone or destroying it, and denies using excessive force to arrest Ms. Smith. Officer Campbell, in his defense, denies using excessive force during Ms. Smith's arrest.

**Requested *Voir Dire***

1. Does any member of the jury panel have any knowledge relating to this proceeding, as just described to you, including any knowledge based on television or other media reports regarding the incident?

2. Does any member of the jury pool know any of the individual parties in this matter? They are:

    Plaintiff:    Makia Smith

    Defendants:    Officer Nathan Church and Officer Kenneth Campbell

Has any member of the jury panel, or any member of your family or close circle of friends ever interacted with, been acquainted or associated with the parties, either socially, in a business relationship or otherwise in any manner? If so, in what manner are/were you acquainted or associated?

3. Does any member of the jury pool know any of the attorneys in this matter? They are:

    Plaintiff's Attorneys: Lawrence S. Greenberg of Greenberg Law Offices, and James B. Astrachan, Christopher J. Lyon and Elizabeth A. Harlan from the law firm of Astrachan Gunst Thomas, P.C.

    Defendants' Attorneys: Thurman W. Zollicoffer, Jr., Warren N. Weaver, Dennis M. Robinson, Jr. and Patrick D. McKevitt from the law firm of Whiteford, Taylor & Preston L.L.P

Has any member of the jury panel or any member of your immediate family or close circle of friends been employed by, related to, ever been acquainted with, socially or in a business relationship, or ever been a past or present client of these attorneys or their law firm?

4. Has any member of the jury pool or any member of your immediate family ever been employed by Baltimore City or a related agency?

5. Does any member of the jury pool know any of the following potential witnesses in this matter? They are:

>Officer Nathan Ulmer
>
>Offcier William Pilkerton, Jr.
>
>Officer Talmadge Jackson
>
>Officer Warren Banks
>
>Sergeant Daraine Harris
>
>Delores Smith
>
>Renee Coleman
>
>Tricezette Kennedy
>
>Joseph Petrocelli
>
>Stanford O'Neill Franklin

6. Have you, anyone in your family, or any close friends ever been employed in public safety, law enforcement, or correctional services?

7. Has any member of the panel or any member of your immediate family ever worked for or had an ownership interest in an organization involved in the settlement or processing of claims for personal injury, including working as a claims adjuster, investigator or other employment?

8. Have you ever had any legal training or worked in a law office, including a prosecutor's office or county attorneys' office?

9.    Has any member of the panel had any special training in law enforcement techniques, including arrest, detention, or use of force?

10.   Is there any member of the jury panel who would be more likely to believe a witness because that witness is a police officer?

11.   Is there any member of the jury panel who would be more likely to believe a witness because that witness is employed by the Baltimore City Police Department or Baltimore City government?

12.   Is there any member of the panel who is a doctor or nurse or who has had any special training in the field of medicine?

13.   Has any prospective juror, or any member of his or her immediate family, ever made a claim, instituted an action or lawsuit, or defended against a claim, action or lawsuit for personal injuries, including a workers' compensation claim?

14.   Is there any member of the jury panel who would not be comfortable granting a very significant judgment against the Baltimore City government and/or police officers employed by Baltimore City government if the facts warranted it?

15.   Does any member of the jury panel who lives in Baltimore City believe that a finding of liability or judgment against Baltimore City could affect the services that you receive or increase your taxes?

16.   Has any member of the jury panel ever donated money to or joined an organization founded to aid or support law enforcement or correctional officers?

17.   Has any member of the jury pool ever been a party to a lawsuit?

18.   Has any member of the panel ever been a witness in a court case?

19.   Has any member of the panel ever been the victim of a crime?

20.   Does any member of the jury panel believe that the recent media coverage regarding Baltimore City Police misconduct complaints and/or the Department of Justice

investigation into the Baltimore City Police Department will affect your ability to listen to and judge testimony from police officers?

21. This is a civil case, as distinguished from a criminal case. One of the important differences between criminal and civil cases is that, in civil cases such as this, plaintiffs are only required to prove their case by what is known as a preponderance of the evidence. They are not required to prove their case beyond a reasonable doubt as is required in a criminal case. Proving a case by a preponderance of the evidence may be described as tipping the scales of justice the slightest bit in favor of the plaintiffs. Is there anyone who does not understand the difference between a civil and a criminal case as I have just described it?

22. Have any of you ever served on a civil jury?

23. Of those of you who have served on civil juries, do you regard the case you heard to be similar to this case as I have described it?

24. Of those of you who have served on prior civil juries, do you understand that each case is different and is to be decided on its own merits?

25. Does anyone believe that jury verdicts are too high, that there is an insurance crisis, or that our civil justice system is in need of reform?

26. Does any member of the panel feel that people who are injured should not be able to sue for psychological injuries or emotional distress resulting from their injury?

27. Does any member of the panel feel that people who are injured should not be able to sue for damages resulting from their injury?

28. Does any member of the panel have feelings that there should be a limit on recovery no matter what the loss?

29. Do you have any preconceived bias or notions for or against individuals who make claims for personal injury due to the negligence of another?

30. Do you belong to any corporation, society, or organization opposed to lawsuits as

provided under our system of jurisprudence?

31. Does any member of the panel believe that a jury verdict will affect you, the public, your friends, or your neighbors in any way?

32. After you have seen the evidence and heard the testimony in this case, I will instruct you as to what the law is so that you can apply the law to the facts. Is there anyone who will not be able to apply law as I explain it to you even if your ideas of the law are different from what I tell you?

33. Does any member of the panel have any belief, opinion, or suspicion which would prevent him or her from following the instructions of the Court on the law, even if he or she disagrees with those instructions, including awarding full compensation for all harms and losses as a result of the neglect of another person or business entity?

34. Will each of you be able to render your verdict solely on the evidence presented to you and completely follow the jury instructions that I give you?

35. As a juror, you have the right to hear all evidence presented. That includes having the right to speak up and tell the Court if you cannot hear or did not hear some evidence. Does any member have a belief that they would not be able to speak up and tell the court they are having trouble hearing?

36. As a juror, you also have the right to decide this case based on the evidence presented and the law as instructed. The Court may provide instructions during the trial and will provide instructions on the law you must use in deciding this case at the end of evidence. You have the right to tell any fellow juror you believe is not following the Court's instructions that he or she must follow the Court's instructions or to report to the Court any juror or jurors that are not following the Courts instructions. For example, a juror that does their own internet research is not following instructions and is considering matters not presented in evidence. Does any juror have a belief that they would not be able to tell another juror they are to follow the Court's

instructions, and to report to the Court a fellow juror that is not following the rules.

37. Punitive damages are damages which the law allows to punish improper conduct and deter it in the future. Is there any member of the panel who does not believe in the concept of punitive damages?

38. The trial of this case is expected to last three to four days. Do any of you have any commitments that would prevent you from serving on this jury for the duration of this trial?

39. Does any member of the panel have any medical problems, physical ailments, or any difficulties that would prevent you from sitting for hours at a time?

40. Does any member of the prospective panel have any specific problems at home or on the job which might make you lose your concentration during the trial or cause you to hurry the decision making process in the jury room?

41. Is there any reason why any member of the jury pool feels that they cannot be fair and impartial in this matter?

Date:   March 9, 2015

Respectfully submitted,

*/s/ Lawrence S. Greenberg*
Lawrence S. Greenberg, Bar No. 23642
Greenberg Law Office
6 E. Biddle Street
Baltimore, Maryland 21202
Telephone: 410.539.5250
Facsimile: 410.625.7891
larry@greenberglawyers.com

James B. Astrachan
Christopher J. Lyon
Elizabeth A. Harlan
Astrachan Gunst Thomas, P.C.
217 East Redwood Street, Suite 2100
Baltimore, Maryland 21202
Telephone:  410.783.3550
Facsimile:  410.783.3530
jastrachan@agtlawyers.com
clyon@agtlawyers.com

eharlan@agtlawyers.com

Attorneys for Plaintiff