IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | | |
|---|---|---|
| **MAKIA SMITH,** | * | |
| **Plaintiff** | * | |
| v. | * | CASE NO.:   1:13-cv-1352-MJG |
| **BALTIMORE CITY POLICE DEPARTMENT,** *et al.*, | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION IN LIMINE
TO EXCLUDE CERTAIN OPINIONS OF PLAINTIFF'S EXPERT WITNESS**

Plaintiff hereby responds to Defendants' Motion in Limine to Exclude Certain Opinions of Plaintiff's Expert Witness (ECF No. 107).  During the pretrial conference held on March 10, 2015, the Honorable Marvin J. Garbis stated that the testimony of Plaintiff's expert, Mr. Joseph Petrocelli, who was designated as a rebuttal witness, will be limited to rebutting the opinions offered at trial by Defendants' expert witness, Mr. Stanford Franklin.  For this reason, the admissibility of Mr. Petrocelli's opinions cannot be finally determined until Stanford Franklin has testified.  Plaintiff nonetheless believes it is prudent at this point to highlight the potential opinions Mr. Franklin could offer and the corresponding types of opinions Mr. Petrocelli should be permitted to offer in rebuttal.

All parties agreed during the pretrial conference that if Mr. Franklin testifies that it is his opinion that Officer Church had probable cause to conduct a traffic stop and to arrest Plaintiff, that Mr. Petrocelli will be permitted to testify with respect to his opposing opinions.  But additionally, Plaintiff would like to the Court to consider the implications of any such testimony

by Mr. Franklin, and to expand the scope of Mr. Petrocelli's rebuttal testimony concomitantly.  If Mr. Franklin testifies that Officer Church was justified in his decision to conduct a traffic stop, that testimony necessarily conveys to the jury that Mr. Franklin also believes that Officer Church was conducting a traffic stop.  This is so because a conclusion that Officer Church had legal authority to conduct a traffic stop implies that what followed was a traffic stop.  The fine distinction, legal or analytical, between whether Officer Church was justified in conducting the stop and whether this was in fact a traffic stop is likely to be blurred.  Therefore, Mr. Petrocelli, in rebuttal to any testimony that Officer Church had probable cause or reasonable suspicion to conduct a traffic stop, should be permitted to explain his opinion to the jury that this was not a traffic stop.  Specifically, he should be able to explain the many differences between a regular traffic stop and what Officer Church did.

     Additionally, the Court should note that Mr. Franklin's written opinion encompasses more than just whether Officer Church had probable cause to stop or arrest Plaintiff.  Paragraph 39 of the report states:

> Based on my understanding of the law and my extensive law enforcement experience, it is my opinion that Officer Church had the legal authority to confront Ms. Smith, to order her on her way, request the display of her driver's license once she refused to move her car and eventually arrest Ms. Smith for the aforementioned violations of Maryland law.  **In analyzing the accounts of the incident, Officer Church conducted the arrest and everything leading up to it inline [*sic*] with Maryland law and Baltimore Police Department policy.**

(ECF No. 107 Exhibit A, emphasis added.)  If Mr. Franklin testifies that Officer Church conducted the arrest and acted in accordance with Maryland law and Baltimore Police Department policy, Mr. Petrocelli should be permitted to offer his opinions opposing this sweeping statement.

2

Respectfully submitted,

**ASTRACHAN GUNST THOMAS, P.C.**

Dated:  March 17, 2015         By:   */s/ Elizabeth A. Harlan*
James B. Astrachan, #03566
Christopher J. Lyon, #27443
Elizabeth A. Harlan, #18285
217 East Redwood Street, Ste. 2100
Baltimore, MD  21202
Telephone: 410.783.3550
Facsimile:  410.783.3530
jastrachan@agtlawyers.com
clyon@agtlawyers.com
eharlan@agtlawyers.com

**GREENBERG LAW OFFICES**

Lawrence S. Greenberg, #23642
6 E. Biddle Street
Baltimore, MD  21202
Telephone: 410.539.5250
Facsimile: 410.625.7891
larry@greenberglawyers.com

*Attorneys for Plaintiff*