# WHITEFORD, TAYLOR & PRESTON L.L.P.

SEVEN SAINT PAUL STREET
BALTIMORE, MARYLAND 21202-1626

MAIN TELEPHONE (410) 347-8700
FACSIMILE (410) 752-7092

THURMAN W. ZOLLICOFFER, JR.
DIRECT LINE (410) 347-9453
DIRECT FAX (410) 223-4353
tzollicoffer@wtplaw.com

BALTIMORE, MD
BETHANY BEACH, DE*
BETHESDA, MD
COLUMBIA, MD
DEARBORN, MI
FALLS CHURCH, VA
LEXINGTON, KY
ROANOKE, VA
TOWSON, MD
WASHINGTON, DC
WILMINGTON, DE*

WWW.WTPLAW.COM
(800) 987-8705

March 23, 2015

**VIA CM-ECF**
Honorable J. Frederick Motz
United States District Court, District of Maryland

    Re:    *Makia Smith v. Baltimore City Police Department, et al.,*
             **Case No. 1:13-cv-1352**

Dear Judge Motz:

      We are writing to inform the Court that defendant Officer Kenneth Campbell's appeal is still pending before the United States Court of Appeals for the Fourth Circuit and to request that trial be postponed pending resolution of Officer Campbell's appeal.

      By way of brief procedural background, Officer Campbell filed a Notice of Appeal on January 7, 2015, appealing the December 19, 2014 Order regarding the Court's ruling on Officer Campbell's motion for summary judgment based on qualified immunity (ECF No. 79).[1] On February 10, 2015, Plaintiff filed a motion to dismiss the appeal (Doc. 15-1). Officer Campbell filed an opposition to the motion to dismiss on February 20, 2015 (Doc. 21). Plaintiff filed a reply in support of the motion to dismiss on February 23, 2015 (Doc. 23-1). The Fourth Circuit issued an Order suspending the briefing schedule on February 19, 2015 (Doc. 20). The Fourth Circuit has not yet ruled on Plaintiff's motion to dismiss the appeal.

      Given that trial is scheduled to begin tomorrow, we are raising this issue to keep the Court apprised of the procedural posture of this case. We respectfully request that the trial be postponed pending a ruling from the Fourth Circuit on Officer Campbell's appeal in light of the importance of resolving the issue regarding whether Officer Campbell is entitled to qualified immunity. The Fourth Circuit has stressed the

---

[1] References with "ECF No." refer to docket entries in the District Court; references with "Doc." refer to docket entries in the Fourth Circuit.

importance of resolving a qualified immunity defense at the earliest possible stage in litigation. In *Brown v. Gilmore*, 278 F.3d 362 (4th Cir. 2002), the district court denied a police officer's motion for summary judgment based on qualified immunity, finding that there were material disputes of fact. The Fourth Circuit heard an interlocutory appeal because the issue was one of abstract law related to qualified immunity. *Id.* at 366 n.2. In explaining the urgency of the appeal, the Court noted:

> [T]he Supreme Court only recently made clear in [*Saucier v. Katz*] that qualified immunity is an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial. The questions of law presented in this case are thus precisely those which should be resolved at the earliest possible stage in litigation if appeal under the collateral order doctrine is to serve the purposes of immunity at all.

*Id.* (internal citations omitted).

Thank you for your consideration of this matter.

Very truly yours,

Thurman W. Zollicoffer, Jr.

cc: All counsel of record (*via CM-ECF*)