astrachan gunst thomas

Writer's Direct Contact:
410.783.3528
eharlan@agtlawyers.com

Reply to Baltimore Office

217 east redwood street
21st floor
baltimore, maryland 21202
410.783.3550
410.783.3530 fax

washington, dc

www.agtlawyers.com

March 23, 2015

**VIA ECF**
The Honorable J. Frederick Motz
U.S. District Court for the District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

      Re:   *Makia Smith v. Baltimore City Police Department, et al.*
             Civil Case No.: 1:13-cv-1352 (MJG)

Dear Judge Motz:

      We write in response to Mr. Zollicoffer's letter of today (ECF No. 128). Omitted from the procedural history set forth therein is the fact that Defendants Church and Campbell already moved for a stay of these proceedings in light of their appeals. (ECF No. 82.) While the motion to stay was pending, Officer Church's appeal was dismissed by the Fourth Circuit. (ECF No. 85.) Plaintiff filed an opposition to the motion to stay addressing Officer Campbell's appeal. (ECF No. 87.) Judge Marvin J. Garbis denied the stay based on his conclusion that Officer Campbell's appeal is "frivolous". (ECF No. 92.) Accordingly, the issue of postponing this trial pending a ruling from the Fourth Circuit has already been decided and rejected.

      Lest there be any doubt as to this Court's jurisdiction to move forward with tomorrow's trial, "[a] substantial body of precedent indicates that a notice of appeal does not divest a district court of jurisdiction when the appeal is from a non-appealable order or is otherwise patently frivolous." *See* George C. Pratt, 20 MOORE'S FEDERAL PRACTICE § 303.32[2][b][iv], at 303-80.1 to 303.83 (3d ed. 2011)(citing cases); *Adam v. Wells Fargo Bank, N.A.,* 2011 WL 4592401, *4; Civil Action No. ELH-09-2387 (D. Md. Sept. 30, 2011) (district court determined that it had jurisdiction to decide plaintiff's motion despite the fact that plaintiff had filed an appeal in the Fourth Circuit); 16A Charles Alan Wright, Arthur R. Miller, Fed. Prac. & Proc. Juris. § 3949.1 (4th ed.) ("the principle that a pending appeal ousts district court jurisdiction has been softened so as to guard against the risk that a litigant might manipulate the doctrine for purposes of delay. The weight of authority holds that an appeal from a clearly non-appealable order fails to oust district court authority….") (citing cases in note 53).

This jurisdictional principle has been applied in the context of a qualified immunity decision. For example, in *Rivera-Torres v. Ortiz Velez,* 341 F.3d 86, 96 (1st Cir. 2003), the First Circuit explained that because the district court's rejection of a qualified immunity defense turned on an issue of fact, the district court was never divested of jurisdiction in the first instance, despite the filing of a notice of appeal. The district court continued to preside over a trial of the claims despite the appeal, and its decision to do so was upheld in a post-trial appeal. *Id.* at 98. ("In summary, we conclude that appellant's notice of appeal never divested the district court of jurisdiction, and we reject the claim that the entire trial was a nullity.")

The trial should go forward as scheduled tomorrow morning. If the Court requires any additional information, Plaintiff will readily comply.

> Very truly yours,
>
> *Elizabeth Harlan*
>
> Elizabeth Harlan

EAH/kjg

cc:     All counsel of record (*via ECF*)