IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

MAKIA SMITH,

     Plaintiff,

v.

                       Civil Action No:      1:13-CV-1352

BALTIMORE CITY POLICE
DEPARTMENT, *et al.*,

     Defendants.

## DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE INTERNAL INVESTIGATIONS DIVISION RECORDS AND EVIDENCE

Defendants, Officer Nathan Church ("Officer Church") and Kenneth Campbell ("Officer Campbell") (collectively "Defendants"), hereby submit this Motion *in Limine* seeking to preclude Plaintiff, Makia Smith, from introducing any testimony, evidence, or reference to any records of the Internal Investigations Division of Baltimore City Police Department that may pertain to any witness.  In support hereof, Defendants state as follows:

### I. STATEMENT OF RELEVANT FACTS

On March 9, 2015 Defendants moved *in limine* to preclude Plaintiff, Makia Smith, from introducing any testimony or evidence related to any records of the Internal Investigations Division ("IID Records") of Baltimore City Police Department that may pertain to any Defendant (*i.e.,* Officer Church or Officer Cambpell).  (ECF No. 109).  In so moving, Defendants argued that any discussion of IID Records would be irrelevant and unfairly prejudicial, as any alleged past conduct has absolutely no probative value on Plaintiff's allegations.  Prior to transferring the case, Judge Garbis entered an Order granting the motion.  (ECF No. 119).

## II.  STANDARD OF DETERMINATION

Federal Rule of Evidence 402 directly provides that "[i]rrelevant evidence is not admissible."  Evidence is relevant "if it has any tendency to make a fact more or less probable than it would be without the evidence."  Fed. R. Evid. 401(a).

The standard of review for a motion *in limine* was summarized in *Atkinson Warehousing & Distrib., Inc. v. Ecolab, Inc.*, 99 F. Supp. 2d 665 (D. Md. 2000), which provides:

> Consideration of plaintiff's motion in limine requires that this Court apply the principles of Rule 403, F.R.E., to the evidence which defendant seeks to introduce and which plaintiff has challenged. Rule 403 provides as follows:
>
> > Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.
>
> Rule 403 is an important rule of evidence which permits this Court in its discretion to exclude relevant evidence on various grounds. Implementation of the Rule insures that prejudicial evidence will not be presented, that evidence will not be introduced which will confuse the issues and mislead the jury as to the determinative facts and that undue delay will not result and time will not be wasted by the presentation of marginally relevant or cumulative evidence. Application of the Rule is an important tool which should be used by a court to guarantee that a fair trial is held and that trial efficiency is promoted.  As the Fourth Circuit has in particular noted, considerations of potential confusion of the jury through the introduction of evidence not directly related to the controversy before it adequately justifies an exercise of a trial judge's discretion in favor of exclusion.

99 F. Supp. 2d at 666.

Specifically as it pertains to the admissibility of (prior) internal affairs investigations, FRE 404(b)(1) provides:  "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with that character."  Thus, evidence of non-sustained/dismissed/frivolous internal police investigations

2

should be excluded under this rule.  *See, e.g.*, *Helsabeck v. Fabyanic*, 173 Fed. Appx. 251, 257 (4th Cir. 2006) (affirming lower court's exclusion of officer's prior bad acts under 404(b), since the acts were "not sufficiently similar . . . to establish an operating method;" *Simmons v. Scott*, 1995 U.S. App. LEXIS 5566, at *6–8 (4th Cir. 1995) (affirming district court's exclusion of previous excessive force complaints against the officer under 404(b), because the prior acts were "not similar enough to be probative" in this case, and because the prior acts were too remote (at least five years before the incident in question).

### III.    ARGUMENT

Defendants may call as witnesses other police officers who are not parties to this matter. Certain of those officers may have IID Records that Plaintiff may wish to use to impeach their credibility.  For the same reasons raised in Defendants' prior motion to exclude IID Records, which is incorporated herein, the Court should also prevent testimony, evidence, or other reference to any IID Records of any non-party witnesses.  Any evidence of the IID Records would involve incident(s) that are unrelated to Plaintiff's claims in this suit.

Moreover, such records reflect confidential personnel files and are entitled to protection from disclosure "to preserve the privacy of personal information about a public employee that is accumulated during his or her employment."  *See Baltimore City Police Dept. v. State,* 158 Md. App. 274, 282 (2004) *quoting* 78 Op. Att'y Gen. 291, 293 (1993).  The internal investigations of law enforcement officers is governed by Sections 3-101 *et seq*. of the Public Safety Article, Maryland Code, commonly referred to as the Law Enforcement Officers' Bill of Rights ("LEOBR").  LEOBR makes clear that evidence of an Officer merely being the subject of an internal investigation is inadmissible in any subsequent judicial proceeding where the

investigation fails to sustain the charges of misconduct or where the investigation exonerates the officer.  *See* Md. Code Ann., Pub. Safety § 3-110(b)(2013).  The Court of Appeals has also addressed accusations that have not been adjudicated, stating:

> "We have...been steadfast in holding that **mere accusations of crime or misconduct may not be used to impeach.** The rationale for this viewpoint is obvious...**[A]ccusations of misconduct are still clothed with the presumption of innocence** and receiving mere accusations for this purpose would be tantamount to accepting someone else's assertion of the witness' guilt and pure hearsay."

*Colkley v. State*, 204 Md. App. 593, 631 (Md. Ct. Spec. App. 2012) (emphasis added).  In either scenario, be it an open file with an adjudication pending or an incident in which the result was anything other than a finding of sustained, the LEOBR prevents the use of the charges for any purpose, including impeachment.[1]

Maintaining confidentiality is crucial to protect the privacy rights of not only the accused officer, cooperating civilian witnesses, officer witnesses, and the privacy rights of citizens who lodge complaints against BPD officers.  Both the state legislature and courts have repeatedly recognized the sensitive nature of these records and the need for them to be maintained confidentially.  The invasion of an employee's privacy should not be taken lightly, and Plaintiff should not be allowed to introduce evidence as to these matters, even for the purpose of impeachment.

---

[1]     Even a sustained finding at the conclusion of BPD's internal investigation, does not equate to the officerguilt with respect to the conduct alleged.  An investigative finding of sustained simply means that, in the investigator's opinion, sufficient evidence exists to substantiate the allegation(s).  Pursuant to LEOBR §3-107, "if the investigation or interrogation of a law enforcement officer results in a recommendation of demotion, dismissal, transfer, loss of pay, reassignment, or similar action that is considered punitive, the law enforcement officer is entitled to a hearing on the issues by a hearing board before the law enforcement agency takes that action." *Id* at §3-107.  At the conclusion of the trial board proceedings the board may recommend punishment, which is not final until it is approved by the Police Commissioner.

**WHEREFORE**, Defendants respectfully request that this Court grant Defendants' Motion *in Limine* and preclude Plaintiff from offering any evidence, testimony, or reference to any records maintained by the Internal Investigation Division of the Baltimore City Police Department pertaining to any witness called to testify at trial.

Respectfully submitted,

_____/s/_____
Warren N. Weaver (Bar No. 03600)
Thurman W. Zollicoffer, Jr. (Bar No. 23256)
Dennis M. Robinson, Jr. (Bar No. 27047)
Patrick D. McKevitt (Bar No. 30078)
WHITEFORD, TAYLOR & PRESTON L.L.P.
Seven Saint Paul Street, Suite 1300
Baltimore, Maryland 21202-1636
(410) 347-8700
wweaver@wtplaw.com
tzollicoffer@wtplaw.com
drobinson@wtplaw.com
pmckevitt@wtplaw.com

*Attorneys for Defendants,*
  *Officer Nathan Church*
  *Officer Kenneth Campbell*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 23rd day of March, 2015, a copy of the foregoing was

served on the following via the Court's ECF system:

James B. Astrachan
Christopher J. Lyon
Elizabeth A. Harlan
Astrachan Gunst Thomas, PC
217 East Redwood Street, Suite 2100
Baltimore, Maryland  21202
*Attorneys for Plaintiff*

Lawrence S. Greenberg
Greenberg Law Office
6 East Biddle Street
Baltimore, Maryland  21202
*Attorneys for Plaintiff*

Christopher R. Lundy
Assistant City Solicitor
Baltimore Law Department
100 N. Holliday Street, LL

Baltimore, Maryland  21202
*Attorneys for Defendants,*
*Baltimore CityPolice Department and*
*Commissioner Anthony W. Batts*

/s/_____
Patrick D. McKevitt