**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)**

| | | |
|---|---|---|
| **MAKIA SMITH,** | * | |
| **Plaintiff** | * | |
| **v.** | * | **CASE NO.:   1:13-cv-1352-JFM** |
| **BALTIMORE CITY POLICE DEPARTMENT,** *et al.*, | * | |
| | * | |
| **Defendants.** | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR NEW TRIAL

Plaintiff, Makia Smith, respectfully submits this Memorandum of Law in Support of her Motion for New Trial.

### STATEMENT OF FACTS

On March 30, 2015, the jury in the above-captioned action returned a verdict in favor of Defendants on all counts.  After the jury had delivered the verdict and exited the courtroom, counsel for both sides shook hands and began gathering their belongings.  (Affidavit of Christopher J. Lyon ("Lyon Aff.") ¶ 3, attached hereto as Exhibit A.)  While this activity was taking place, the father of Juror #2 approached the bar and began speaking with Thurman Zollicoffer, counsel for Defendants.  (Lyon Aff. ¶ 4.)  Two attorneys for Plaintiff overheard portions of that conversation.  Lawrence Greenberg heard the father of Juror #2 say to Mr. Zollicoffer something to the effect of, "Thank you for speaking with me the other day." (Affidavit of Lawrence Greenberg ("Greenberg Aff."_) ¶ 4, attached hereto as Exhibit B.) Christopher Lyon heard the father of Juror #2 thank Mr. Zollicoffer for taking the time to have a

discussion with him.  (Lyon Aff. ¶ 5.)  Mr. Lyon remembers the father saying something to the effect of "Thank you for discussing with me."  (Lyon Aff. ¶ 5.)

In addition to the conversation Plaintiff's counsel overheard on March 30, an earlier occurrence is relevant to the Motion for New Trial.  On Wednesday, March 25, 2015, counsel for Plaintiff left the courthouse for lunch.  (Lyon Aff. ¶ 6.)  Upon their return, they were going through the metal detector on the first floor of the courthouse at the same time as Juror #2 and his father.  (Lyon Aff. ¶ 7.)  As Mr. Lyon was collecting his belongings from the conveyor belt, the father of Juror #2 asked Mr. Lyon whether the jury needed to be unanimous in its decision.  (Lyon Aff. ¶ 8.)  Juror #2 was standing next to his father when the question was asked.  (*Id.*)  Mr. Lyon responded that he could not discuss the case.  (*Id.*)  At that time, Mr. Lyon did not know that the man asking him the question was Juror #2's father.  (Lyon Aff. ¶ 9.)

## ARGUMENT

Unauthorized communications to jurors are "forbidden," and unless determined to have been harmless, require the court to order a new trial.  *Mattox v. United States,* 146 U.S. 140, 150 (1892).  There is a two part test for analyzing communications with jurors.  First, the moving party must provide evidence that there was extrajudicial communication that was "more than innocuous interventions."  *Howard v. Moore,* 131 F.3d 399, 422 (4th Cir. 1997) (quoting *United States v. Cheek,* 94 F.3d 136, 141 (4th Cir. 1996)).  To determine if the communication is "innocuous" or whether it triggered the presumption of prejudice, a court considers if there was (1) private communication; or (2) private contact; or (3) tampering; (4) directly or indirectly with a juror during trial; (5) about the matter before the jury.  *Cheek,* 94 F.3d at 141.  If this minimal standard is satisfied, the presumption of prejudice arises.  *Id.*  The burden then shifts to the non-moving party to show that there is "no reasonable possibility that the jury's verdict was

influenced by an improper communication." *Id.* An evidentiary hearing should be held to

determine whether the non-moving party can meet this heavy burden. *Remmer v. United States,*

347 U.S. 227, 229-230 (4th Cir. 1954). A new trial must be granted if, after the evidentiary

hearing, there remains a "reasonable possibility that the jury's verdict was influenced by an

improper communication." *Haley v, Blue Ridge Transfer Co., Inc.,* 802 F.2d 1532, 1537 (4th

Cir. 1986), citing *United States v. Barnes,* 747 F.2d 246 (4th Cir. 1984). Although *Mattox* and

*Remmer* were both criminal cases, the doctrine of presumed prejudice has been applied "no less

forcefully in civil cases in federal courts." *Haley,* 802 F.2d at 1535.

Based on the conversation that Mr. Greenberg and Mr. Lyon overheard between Mr.

Zollicoffer and the father of Juror #2, there was a previous discussion between Mr. Zollicoffer

and the father of Juror #2 while the trial or the deliberations were underway that may well have

been about the case. While this is not a conversation directly with a juror, it is a private

conversation indirectly with a juror about the matter before the jury that may well have

influenced Juror #2 and may have been shared with the entire jury or otherwise tainted what are

to be unadulterated deliberations. *Cheek,* 94 F.3d at 141.

Based on Mr. Lyon's experience with the father of Juror #2, the father did not seem to

understand the Court's instruction that his son was not supposed to discuss the case with his

family members. He asked Mr. Lyon, while Juror #2 was standing next to him, whether the

jury's decision needed to be unanimous. It is difficult to believe that if Mr. Lyon had answered

that question, that the father would not have discussed the answer with his son.

Based on the discussion between Mr. Zollicoffer and Juror #2's father, Plaintiff believes

that the father may have approached Mr. Zollicoffer with the same or other questions related to

this case and received answers. This type of procedural information conveyed to a juror by an

attorney constitutes grounds for a new trial.  *United States v. Gaffney,* 676 F. Supp. 1544, 1557

(M.D. Fl. 1987) (juror telephoned an attorney during the deliberations to ask questions regarding

procedural matters and the consequences of various verdict combinations).  While in the *Gaffney*

matter the juror telephoned an attorney who was not involved in the case, the principle should

apply even more so if the attorney consulted is one of the trial attorneys in the case under

consideration.

Moreover, if Juror #2 and his father discussed information provided by defense counsel,

that in and of itself violated the Court's instructions.  Moreover,

> [a]lthough the fact that some jurors discussed the case with family
> members does not in and of itself render the trial of defendants
> unfair, it creates the possibility that some jurors considered either
> evidence, issues or opinions not considered by other jurors.
> Moreover, it simply increases the likelihood that some jurors voted
> to convict defendants after deliberating upon matters not presented
> in the courtroom during trial.  Defendants have a right to a trial
> before a jury free of such influences.

*Gaffney,* 676 F. Supp. at 1558.

Plaintiff respectfully requests that an evidentiary hearing be held to determine what Mr.

Zollicoffer discussed with the father of Juror #2, whether the father passed information from that

conversation along to his son, and whether the son shared any of the information with the jury as

a whole.  If, following such a hearing, there remains a "reasonable possibility that the jury's

verdict was influenced by an improper communication," then a new trial is warranted in this

matter.  *Haley v, Blue Ridge Transfer Co., Inc.,* 802 F.2d 1532, 1537 (4th Cir. 1986).

<u>CONCLUSION</u>

For the foregoing reasons, a new trial should be granted.  At a minimum, an evidentiary

hearing should be held to determine the facts surrounding the communications between defense

counsel and Juror #2's father.

4

Respectfully submitted,


ASTRACHAN GUNST THOMAS, P.C.


Dated:  April 2, 2015                          By:   */s/ Elizabeth A. Harlan*
                                                    James B. Astrachan, #03566
                                                    Christopher J. Lyon, #27443
                                                    Elizabeth A. Harlan, #18285
                                                    217 East Redwood Street, Ste. 2100
                                                    Baltimore, MD  21202
                                                    Telephone: 410.783.3550
                                                    Facsimile:  410.783.3530
                                                    jastrachan@agtlawyers.com
                                                    clyon@agtlawyers.com
                                                    eharlan@agtlawyers.com

GREENBERG LAW OFFICES

          Lawrence S. Greenberg, #23642
          6 E. Biddle Street
          Baltimore, MD  21202
          Telephone: 410.539.5250
          Facsimile: 410.625.7891
          larry@greenberglawyers.com

          *Attorneys for Plaintiff*